**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**(MACON DIVISION)**

| | |
|---|---|
| **CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,** | ) ) ) ) |
| **Plaintiff,** | ) **CIVIL ACTION NO.**   5:14-CV-69-CAR ) |
| | ) |
| **v.** | ) ) |
| **RAYMOND O. BALLARD, JR., GENE DUNWODY, JR., GENE DUNWODY, SR., JACK W. JENKINS, W. TONY LONG, and L. ROBERT LOVETT,** | ) ) ) ) ) |
| | ) |
| **Defendants.** | ) ) |

## COMPLAINT

Plaintiff CertusBank, N.A. ("CertusBank" or "Plaintiff"), as successor by assignment to Atlantic Southern Bank, hereby files this *Complaint* (the "Complaint") for damages against Defendants Raymond O. Ballard, Jr. ("Ballard"), Gene Dunwody, Jr. ("Dunwody Jr."), Gene Dunwody, Sr. ("Dunwody Sr."), Jack W. Jenkins ("Jenkins"), W. Tony Long ("Long"), and L. Robert Lovett ("Lovett" and together with Ballard, Dunwody Jr., Dunwody Sr., Jenkins and Long, collectively, the "Defendants" or the "Guarantors"), showing the Court as follows:

## JURISDICTION

1.      Plaintiff CertusBank is a national banking association, with its principal place of business located in South Carolina.

2.      Defendant Raymond O. Ballard, Jr. is domiciled in and is a citizen of the State of Georgia.

3.      Ballard may be served at his residence at 7959 Whittle Road, Macon, Georgia 31220, or such other address where he may be found.

1

4.      Defendant Gene Dunwody, Jr. is domiciled in and is a citizen of the State of Georgia.

5.      Dunwody Jr. may be served at his principal place of business at 300 Mulberry Street, Suite 604, Macon, Georgia 31201, or such other address where he may be found.

6.      Defendant Gene Dunwody, Sr. is domiciled in and is a citizen of the State of Georgia.

7.      Dunwody Sr. may be served at his principal place of business at 300 Mulberry Street, Suite 604, Macon, Georgia 31201, or such other address where he may be found.

8.      Defendant Jack W. Jenkins is domiciled in and is a citizen of the State of Georgia.

9.      Jenkins may be served at his residence at 2649 Stanislaus Circle, Macon, Georgia 31204, or such other address where he may be found.

10.     Defendant W. Tony Long is domiciled in and is a citizen of the State of Georgia.

11.     Long may be served at his residence at 140 Hines Terrace, Macon, Georgia 31220, or such other address where he may be found.

12.     Defendant L. Robert Lovett is domiciled in and is a citizen of the State of Georgia.

13.     Lovett may be served at his principle place of business at 3608 Vineville Avenue, Macon, Georgia 31204, or such other address where he may be found.

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

15.     Venue is appropriate in the United States District Court for the Middle District of

ATL 18707482v4

Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3, M.D. Ga.

## FACTS

### *Note 1 – Loan No. *****4500*

16.     On or about April 16, 2010, Capricorn Centre, LLC ("Capricorn"), through its manager Ronald B. Conners ("Conners"), executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $176,452.13 (as amended, restated, and/or modified from time to time, "Note 1")

17.     A true and correct copy of Note 1 is attached hereto as **Exhibit A** and incorporated herein by this reference.

18.     On or about April 16, 2010, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 1 Loan Agreement").

19.     A true and correct copy of the Note 1 Loan Agreement is attached hereto as **Exhibit B** and incorporated herein by this reference.

20.     On or about April 16, 2010, Ballard executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Ballard Guaranty").

21.     A true and correct copy of the Note 1 Ballard Guaranty is attached hereto as **Exhibit C** and incorporated herein by this reference.

22.     Pursuant to the Note 1 Ballard Guaranty, Ballard absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents").

23.     On or about April 16, 2010, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Jr. Guaranty).

24.     A true and correct copy of the Note 1 Dunwody Jr. Guaranty is attached hereto as **Exhibit D** and incorporated herein by this reference.

25.     Pursuant to the Note 1 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

26.     On or about April 16, 2010, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Sr. Guaranty").

27.     A true and correct copy of the Note 1 Dunwody Sr. Guaranty is attached hereto as **Exhibit E** and incorporated herein by this reference.

28.     Pursuant to the Note 1 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

29.     On or about April 16, 2010, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Jenkins Guaranty").

30.     A true and correct copy of the Note 1 Jenkins Guaranty is attached hereto as **Exhibit F** and incorporated herein by this reference.

31.     Pursuant to the Note 1 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

32.     On or about April 16, 2010, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Long Guaranty").

4

33.    A true and correct copy of the Note 1 Long Guaranty is attached hereto as **Exhibit G** and incorporated herein by this reference.

34.    Pursuant to the Note 1 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 Loan Documents.

35.    On or about April 16, 2010, Lovett executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Lovett Guaranty")(hereinafter the Note 1 Ballard Guaranty, the Note 1 Dunwody Jr. Guaranty, the Note 1 Dunwody Sr. Guaranty, the Note 1 Jenkins Guaranty, the Note 1 Long Guaranty, and the Note 1 Lovett Guaranty shall be collectively referred to as the "Note 1 Guaranties").

36.    A true and correct copy of the Note 1 Lovett Guaranty is attached hereto as **Exhibit H** and incorporated herein by this reference.

37.    Pursuant to the Note 1 Lovett Guaranty, Lovett absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

38.    CertusBank is the current holder of Note 1, the Note 1 Loan Agreement, the Note 1 Guaranties, and the related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

39.    Note 1 matured on April 16, 2011 (the "Note 1 Maturity Date").

40.    On or about August 17, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 1 Demand Letter").

ATL 18707482v4

41.     A true and correct copy of the Note 1 Demand Letter is attached hereto as **Exhibit I** and is incorporated herein by this reference.

42.     In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 1 Loan Documents would be enforced if the amount due and owing under  Note 1 were not paid within ten (10) days of receipt thereof.

43.     As of February 18, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 1 are as follows:

| | |
|---|---|
| Principal: | $ 176,752.13 |
| Interest through February 18, 2014: | $  27,573.32 |
| Accrued Fees/Charges: | $      605.05 |
| TOTAL: | $ 204,930.50 |

44.     As of February 18, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $12.71.  Additional interest, fees, costs and charges continue to accrue under Note 1 from February 18, 2014 going forward.

45.     The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of February 18, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law.

### *Note 2 – Loan No.  *****4300*

46.     On or about April 28, 2011, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of  $1,286,369.29  (as amended, restated, and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as, the "Notes").

47.     A true and correct copy of Note 2 is attached hereto as **Exhibit J** and incorporated herein by this reference.

6

ATL 18707482v4

48.     On or about April 28, 2011, Capricorn, through its manager Ronald B. Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 2 Loan Agreement")(hereinafter, the Note 1 Loan Agreement and the Note 2 Loan Agreement shall be collectively referred to as, the "Loan Agreements").

49.     A true and correct copy of the Note 2 Loan Agreement is attached hereto as **Exhibit K** and incorporated herein by this reference.

50.     On or about April 28, 2011, Ballard executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Ballard Guaranty" and together with the Note 1 Ballard Guaranty, the "Ballard Guaranties").

51.     A true and correct copy of the Note 2 Ballard Guaranty is attached hereto as **Exhibit L** and incorporated herein by this reference.

52.     Pursuant to the Note 2 Ballard Guaranty, Ballard absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents").

53.     On or about April 28, 2011, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Jr. Guaranty, and together with the Note 1 Dunwody Guaranty, the "Dunwody Guaranties").

54.     A true and correct copy of the Note 2 Dunwody Jr. Guaranty is attached hereto as **Exhibit M** and incorporated herein by this reference.

ATL 18707482v4

55.     Pursuant to the Note 2 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

56.     On or about April 28, 2011, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Sr. Guaranty", and together with the Note 1 Dunwody Sr. Guaranty, the "Dunwody Sr. Guaranties").

57.     A true and correct copy of the Note 2 Dunwody Sr. Guaranty is attached hereto as **Exhibit N** and incorporated herein by this reference.

58.     Pursuant to the Note 2 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

59.     On or about April 28, 2011, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Jenkins Guaranty", and together with the Note 1 Jenkins Guaranty, the "Jenkins Guaranties").

60.     A true and correct copy of the Note 2 Jenkins Guaranty is attached hereto as **Exhibit O** and incorporated herein by this reference.

61.     Pursuant to the Note 2 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

62.     On or about April 16, 2008, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Long Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties").

63.     A true and correct copy of the Note 2 Long Guaranty is attached hereto as **Exhibit P** and incorporated herein by this reference.

64.     Pursuant to the Note 2 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 Loan Documents.

65.     On or about April 28, 2011, Lovett executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Lovett Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties")(hereinafter the Note 2 Ballard Guaranty, the Note 2 Dunwody Jr. Guaranty, the Note 2 Dunwody Sr. Guaranty, the Note 2 Jenkins Guaranty, the Note 2 Long Guaranty, and the Note 2 Lovett Guaranty shall be collectively referred to as the "Note 2 Guaranties")(hereinafter, the Note 1 Guaranties and the Note 2 Guaranties shall be collectively referred to as, the "Guaranties").

66.     A true and correct copy of the Note 2 Lovett Guaranty is attached hereto as **Exhibit Q** and incorporated herein by this reference.

67.     Pursuant to the Note 2 Lovett Guaranty, Lovett absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

68.     CertusBank is the current holder of Note 2, the Note 2 Loan Agreement, the Note 2 Guaranties, and the related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

69.     Note 2 matured on April 28, 2012 (the "Note 2 Maturity Date").

70.     On or about August 7, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 2 Demand Letter").

71.     A true and correct copy of the Note 2 Demand Letter is attached hereto as **Exhibit R** and is incorporated herein by this reference.

72.     In the Note 2 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 2 Loan Documents would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof.

73.     As of February 18, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 2 are as follows:

| | |
|---|---|
| Principal: | $  76,266.82 |
| Interest through August 17, 2012: | $  90,552.54 |
| Accrued Fees/Charges: | $ 108,235.61 |
| TOTAL: | $ 275,054.97 |

74.     As of February 18, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $12.71.  Additional interest, fees, costs and charges continue to accrue under Note 2 from February 18, 2014 going forward.

75.     The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of February 18, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law.

## Count I

## BREACH OF GUARANTIES

76.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

10

77.     Ballard breached the Ballard Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

78.     Dunwody Jr. breached the Dunwody Jr. Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

79.     Dunwody Sr. breached the Dunwody Sr. Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

80.     Jenkins breached the Jenkins Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

81.     Long breached the Long Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

82.     Lovett breached the Lovett Guaranties by failing to pay the amounts he guaranteed would be paid upon maturity of each of the Notes, respectively, and following Capricorn's defaults under the Loan Documents.

83.     Under the Guaranties, the Guarantors are each unconditionally liable to CertusBank for all indebtedness due and owing under Notes, up to the maximum principal cap amounts that they each respectively guaranteed would be paid under their respective Guaranties, plus all accrued interest, fees and charges outstanding under the Loan Documents, which amounts remain unpaid.

ATL 18707482v4

84.   CertusBank was damaged as a result of the breaches of contract described above.

85.   CertusBank is entitled to recover from Ballard that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Ballard Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66), and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

86.   CertusBank is entitled to recover from Dunwody Jr. that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Dunwody Jr. Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66), and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

87.   CertusBank is entitled to recover from Dunwody Sr. that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Dunwody Sr. Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66),

and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

88.     CertusBank is entitled to recover from Jenkins that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Jenkins Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66), and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

89.     CertusBank is entitled to recover from Long that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Long Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66), and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

90.     CertusBank is entitled to recover from Lovett that portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the Long Guaranties, including but not limited to, $336,278.34 as of February 18, 2014 (comprised of $109,311.82 of the total and aggregate principal amount currently due and payable under the Notes as of February 18, 2014, plus accrued and aggregate interest under the Notes in

the amount of $118,125.86, accrued fees and charges in the amount of $108,840.66), and such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

**Count II**

**UNJUST ENRICHMENT**

91.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

92.     Atlantic Southern provided Capricorn and the Defendants a valuable service by advancing money to Capricorn under the Notes.

93.     The Defendants requested and knowingly accepted the benefits accruing under the Notes.

94.     Receipt by the Defendants of the aforementioned benefits would be unjust without compensating CertusBank.

95.     The Guarantors have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Notes, plus expenses, costs, and attorneys' fees.

96.     Capricorn and the Guarantors, in fairness and good conscience, should remit to CertusBank the extent of the value conferred, including, without limitation the aggregate principal amount of $253,018.95 currently due and payable under the Notes as of February 18, 2014, plus aggregate accrued interest in the amount of $118,125.86, accrued fees and charges in the amount of $108,840.00 and such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count III

### ATTORNEYS' FEES AND LITIGATION COSTS

97.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

98.    The Loan Agreements each provide, *inter alia*, that if the debts thereunder are "…collected by or through an attorney after maturity…[,]" Capricorn agrees to pay, "… 15 percent of the Principal and interest owing as attorneys' fees."

99.    Pursuant to O.C.G.A. § 13-1-11, CertusBank made demand upon the Defendants for all amounts owing under the Notes after maturity and advised that failure to pay the same will cause the provisions of the Loan Documents providing for attorneys' fees to be enforced.

100.    As of the date of this Complaint, the Defendants have failed to pay CertusBank the amounts outstanding under the Loan Documents and their respective Guaranties.

101.    CertusBank is entitled to recover from the Defendants, jointly and severally, its attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law.

**WHEREFORE,** CertusBank respectfully requests that the Court enter judgment in favor of CertusBank and against Defendants, jointly and severally, as follows:

(a)    As to Count I: Judgment against each one of the Defendants for the maximum portion of all amounts due, owing, and accruing under the Notes and applicable law which they each respectively guaranteed would be paid under the terms of their respective Guaranties, including but not limited to, and as to each Defendant, the total amount of $336,278.34 as of February 18, 2014, plus additional interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue.

ATL 18707482v4

(b)      As to <u>Count II</u>: Reimbursement by the Defendants to CertusBank for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Notes in the total amount of $479,985.47 as of February 18, 2014 (comprised of $ 253,018.95 of aggregate principal, $118,125.86 in accrued aggregate interest, and $108,840.66 in aggregate accrued fees and charges), plus such further interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue;

(c)      As to <u>Count III</u>: As to all Defendants, an award of CertusBank's attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11, the Loan Documents, and Georgia law; and

(d)      Any and all other relief the Court deems just, equitable and proper.


Dated: February 18, 2014.                    Respectfully submitted,

/s/ Sean A. Gordon

Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email:  gordonsa@gtlaw.com

*Attorneys for Plaintiff, CertusBank, N.A., as successor in interest to Atlantic Southern Bank*

16