IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK, <br><br> Plaintiff, <br><br> v. <br><br> GENE DUNWODY, JR., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. <br><br> 5:14-cv-00069-CAR |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO
WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED**

Plaintiff CertusBank, N.A. (hereinafter "Plaintiff or "CertusBank"), as successor in interest to Atlantic Southern Bank, pursuant to Fed. R. Civ. P. 56 and Local Rule 56, hereby files its Statement of Material Facts to Which There are No Genuine Issues to be Tried, showing this Court as follows:

1. CertusBank is a National Banking Association with its principal place of business located in South Carolina. Affidavit of R. Persenaire in Support of Plaintiff's Motion for Summary Judgment, filed contemporaneously herewith (the "Bank Aff.") at ¶ 4.

*Note 1 – Loan No. *****4500*

2. On or about April 16, 2010, Capricorn Centre, LLC ("Capricorn"), through its manager Ronald B. Conners ("Conners"), executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $176,452.13 (as amended, restated, and/or modified from time to time, "Note 1"). Bank Aff. at ¶ 7; Defendants' Responses to

Plaintiff's Plaintiff's First Set of Requests for Admission (the "<u>Defendants' Admissions</u>") at No. 2.

3.  A true and correct copy of Note 1 is attached to the Complaint as **Exhibit A** and incorporated herein by this reference.  Bank Aff. at ¶ 8; Defendants' Admissions, No. 1.

4.  On or about April 16, 2010, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "<u>Note 1 Loan Agreement</u>").  Bank Aff. at ¶ 9; Defendants' Admissions, No. 4.

5.  A true and correct copy of the Note 1 Loan Agreement is attached to the Complaint as **Exhibit B** and incorporated herein by this reference.  Bank Aff. at ¶ 10; Defendants' Admissions, No. 1.

6.  On or about April 16, 2010, Gene Dunwody Jr. ("<u>Dunwody Jr.</u>") executed and delivered to Atlantic Southern that certain *Guaranty* (the "<u>Note 1 Dunwody Jr. Guaranty</u>").  Bank Aff. at ¶ 11; Defendants' Admissions, No. 10.

7.  A true and correct copy of the Note 1 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit D** and incorporated herein by this reference.  Bank Aff. at ¶ 12; Defendants' Admissions, No. 1.

8.  Pursuant to the Note 1 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "<u>Note 1 Loan Documents</u>").  Bank Aff. at ¶13; Complaint, Ex. D.

9. On or about April 16, 2010, Gene Dunwody Sr. ("Dunwody Sr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Sr. Guaranty"). Bank Aff. at ¶ 14; Defendants' Admissions, No. 11.

10. A true and correct copy of the Note 1 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit E** and incorporated herein by this reference. Bank Aff. at ¶ 15; Defendants' Admissions, No. 1.

11. Pursuant to the Note 1 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Bank Aff. at ¶ 16; Complaint, Ex. E.

12. On or about April 16, 2010, Jack W. Jenkins ("Jenkins") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Jenkins Guaranty"). Bank Aff. at ¶ 17; Defendants' Admissions, No. 12.

13. A true and correct copy of the Note 1 Jenkins Guaranty is attached to the Complaint as **Exhibit F** and incorporated herein by this reference. Bank Aff. at ¶ 18; Defendants' Admissions, No. 1.

14. Pursuant to the Note 1 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Bank Aff. at ¶ 19; Complaint, Ex. F.

15. On or about April 16, 2010, W. Tony Long ("Long") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Long Guaranty")(hereinafter the Note 1 Dunwody Jr. Guaranty, the Note 1 Dunwody Sr. Guaranty, the Note 1 Jenkins Guaranty, and the Note 1 Long Guaranty shall be collectively referred to as the "Note 1 Guaranties"). Bank Aff. at ¶ 20; Defendants' Admissions, No. 13.

16. A true and correct copy of the Note 1 Long Guaranty is attached to the Complaint as **Exhibit G** and incorporated herein by this reference. Bank Aff. at ¶ 21; Defendants' Admissions, No. 1.

17. Pursuant to the Note 1 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 Loan Documents. Bank Aff. at ¶ 22; Complaint, Ex. G.

18. CertusBank is the current holder of Note 1, the Note 1 Loan Agreement, the Note 1 Guaranties, and the related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern. Bank Aff. at ¶ 23.

19. Note 1 matured on April 16, 2011 (the "Note 1 Maturity Date"). Bank Aff. at ¶ 24; Complaint at Ex. A.

20. Dunwody Jr., Dunwody Sr., Jenkins, and Long each defaulted under the terms of their respective Note 1 Guaranties. Defendants' Admissions, No. 15.

21. A true and correct copy of the Note 1 Demand Letter is attached to the Complaint as **Exhibit I** and is incorporated herein by this reference. Bank Aff. at ¶ 26; Defendants' Admissions, No. 1.

22. In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 1 Loan Documents would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof. Bank Aff. at ¶ 27; Complaint, Ex. I.

23. As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 1 are as follows:

| | |
|---|---:|
| Principal: | $176,752.13 |
| Interest To Dec 19, 2014: | $36,528.75 |
| Late Charges: | $605.05 |
| Legal Expenses as of 12/4/2012 | $28,691.29 |
| **Net Amount Due:** | **$242,577.22** |

Bank Aff. at ¶ 28, 58-60, and at Appx. 1-2.

24.     As of December 19, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $29.46.  Additional interest, fees, costs and charges continue to accrue under Note 1 from December 19, 2014 going forward.  Bank Aff. at ¶ 29; 58-60, and at Appx. 1-2.

25.     The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012.  Bank Aff. at ¶ 30.

### *Note 2 – Loan No.  *****4300*

26.     On or about April 28, 2011, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $1,286,369.29 (as amended, restated, and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as, the "Notes").  Bank Aff. at ¶ 31; Defendants' Admissions, No. 6.

27.     A true and correct copy of Note 2 is attached to the Complaint as **Exhibit J** and incorporated herein by this reference.  Bank Aff. at ¶ 32; Defendants' Admissions, No. 1.

28.     On or about April 28, 2011, Capricorn, through its manager Ronald B. Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 2 Loan Agreement")(hereinafter, the Note 1 Loan Agreement and the Note 2 Loan Agreement shall be collectively referred to as, the "Loan Agreements").  Bank Aff. at ¶ 33; Defendants' Admissions, No. 8.

29. A true and correct copy of the Note 2 Loan Agreement is attached to the Complaint as **Exhibit K** and incorporated herein by this reference. Bank Aff. at ¶ 34; Defendants' Admissions, No. 1.

30. On or about April 28, 2011, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Jr. Guaranty, and together with the Note 1 Dunwody Guaranty, the "Dunwody Guaranties"). Bank Aff. at ¶ 35; Defendants' Admissions, No. 22.

31. A true and correct copy of the Note 2 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit M** and incorporated herein by this reference. Bank Aff. at ¶ 36; Defendants' Admissions, No. 1.

32. Pursuant to the Note 2 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents"). Bank Aff. at ¶ 37; Complaint, Ex. M.

33. On or about April 28, 2011, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Sr. Guaranty", and together with the Note 1 Dunwody Sr. Guaranty, the "Dunwody Sr. Guaranties"). Bank Aff. at ¶ 38; Defendants' Admissions, No. 23.

34. A true and correct copy of the Note 2 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit N** and incorporated herein by this reference. Bank Aff. at ¶ 39; Defendants' Admissions, No. 1.

35. Pursuant to the Note 2 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents. Bank Aff. at ¶ 40; Complaint, Ex. N.

36. On or about April 28, 2011, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Jenkins Guaranty", and together with the Note 1 Jenkins Guaranty, the "Jenkins Guaranties"). Bank Aff. at ¶ 41; Defendants' Admissions, No. 24.

37. A true and correct copy of the Note 2 Jenkins Guaranty is attached to the Complaint as **Exhibit O** and incorporated herein by this reference. Bank Aff. at ¶ 42; Defendants' Admissions, No. 1.

38. Pursuant to the Note 2 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents. Bank Aff. at ¶ 43; Complaint, Ex. O.

39. On or about April 16, 2008, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Long Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties")(hereinafter the Note 2 Dunwody Jr. Guaranty, the Note 2 Dunwody Sr. Guaranty, the Note 2 Jenkins Guaranty, and the Note 2 Long Guaranty shall be collectively referred to as the "Note 2 Guaranties")(hereinafter, the Note 1 Guaranties and the Note 2 Guaranties shall be collectively referred to as, the "Guaranties"). Bank Aff. at ¶ 44; Defendants' Admissions, No. 25.

40. A true and correct copy of the Note 2 Long Guaranty is attached to the Complaint as **Exhibit P** and incorporated herein by this reference. Bank Aff. at ¶ 45; Defendants' Admissions, No. 1.

41. Pursuant to the Note 2 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 Loan Documents.  Bank Aff. at ¶ 46; Complaint, Ex. P.

42. CertusBank is the current holder of Note 2, the Note 2 Loan Agreement, the Note 2 Guaranties, and the related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.  Bank Aff. at ¶ 47.

43. Note 2 matured on April 28, 2012 (the "Note 2 Maturity Date").  Bank Aff. at ¶ 48; Complaint, Ex. J.

44. Dunwody Jr., Dunwody Sr., Jenkins, and Long each defaulted under the terms of their respective Note 2 Guaranties.  Defendants' Admissions, No. 27.

45. On or about August 7, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 2 Demand Letter").  Bank Aff. at ¶ 49; Complaint, Ex. R.

46. A true and correct copy of the Note 2 Demand Letter is attached to the Complaint as **Exhibit R** and is incorporated herein by this reference.  Bank Aff. at ¶ 50; Defendants' Admissions, No. 1.

47. In the Note 2 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 2 Loan Documents would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof.  Bank Aff. at ¶ 51; Complaint, Ex. R.

48. As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 2 are as follows:

| | |
|---|---:|
| Principal: | $866,701.22 |
| Interest To Dec 04, 2012: | $82,707.37 |
| Late Charges: | $800.00 |
| Bid Amount 12/4/2012 | ($1,102,500.00) |
| Interest 744 days @ 30.72 12/5/2012 to 12/19/2014 | $22,855.68 |
| Appraisal Expenses as of 12/4/2012 | $11,700.00 |
| Property Taxes as of 12/4/2012 | $61,779.12 |
| Legal Expenses as of 12/4/2012 | $142,411.28 |
| **Net Amount Due:** | **$86,454.67** |

Bank Aff. at ¶¶ 52, 58-60, and at Appx. 1 and Appx. 2.

49.   As of December 19, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $30.72.  Additional interest, fees, costs and charges continue to accrue under Note 2 from December 19, 2014 going forward.  Bank Aff. at ¶ 53, 58-60, and at Appx. 1 and Appx. 2; Complaint, Ex. J.

50.   The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012. Bank Aff. at ¶ 54, 58-60, and at Appx. 1 and Appx. 2.

51.   Atlantic Southern was closed by the Georgia Department of Banking and Finance on May 20, 2011.  The FDIC was thereafter appointed as receiver of the assets and liabilities of Atlantic Southern, and the FDIC as Receiver became the successor-in-interest to the right, title and interest of Atlantic Southern with respect to, inter alia, the Loan Documents.  Bank Aff. at ¶ 55.

52.   CertusBank is the current holder of the Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.  Bank Aff. at ¶ 56.

Dated:  December 22, 2014.                                Respectfully submitted,

/s/ Sean A. Gordon
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email:  gordonsa@gtlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record as follows:

Wesley J. Boyer
**Katz, Flatau & Boyer, L.L.P.**
355 Cotton Avenue
Macon, Georgia 31201
wjboyer_2000@yahoo.com

Dated:  December 22, 2014.

> **/s/ Sean A. Gordon**
> Sean A. Gordon
> Georgia Bar No. 777350
> **GREENBERG TRAURIG, LLP**
> Terminus 200
> 3333 Piedmont Road, N.E.
> Suite 2500
> Atlanta, Georgia 30305
> (678) 553-2100 *Telephone*
> (678) 553-2212 *Facsimile*
> Email:  gordonsa@gtlaw.com
>
> *Attorneys for Plaintiff*