IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>GENE DUNWODY, JR., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)  5:14-cv-00069-CAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF RAY PERSENAIRE IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Personally appeared before the undersigned officer, duly authorized to administer oaths, Ray Persenaire, who, after being duly sworn, deposes and says as follows:

    1.    I, Ray Persenaire, am a resident of the State of Georgia and over eighteen years of age.

    2.    I have personal knowledge of the facts set forth in this Affidavit. If called as a witness, I can competently testify to the facts contained in this Affidavit.

    3.    I am a Vice President and Commercial Asset Manager for CertusBank, N.A. ("CertusBank" or "Plaintiff"), a successor in interest to Atlantic Southern Bank ("Atlantic Southern").

    4.    CertusBank is a National Banking Association with its principal place of business located in South Carolina.

ATL 20344809v1

5.  In my capacity as a Vice President, I have custody and control of certain business records of Plaintiff, including those files concerning the transactions at issue herein, all documents attached to the Plaintiff's Complaint in this case (the "Complaint"), and all documents attached to this Affidavit.

6.  I am familiar with how Plaintiff keeps its records. I am also personally familiar with the loan documents at issue in this case and the amounts due and owing thereunder.

*Note 1 – Loan No. *****4500*

7.  On or about April 16, 2010, Capricorn Centre, LLC ("Capricorn"), through its manager Ronald B. Conners ("Conners"), executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $176,452.13 (as amended, restated, and/or modified from time to time, "Note 1")

8.  A true and correct copy of Note 1 is attached to the Complaint as **Exhibit A** and incorporated herein by this reference.

9.  On or about April 16, 2010, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 1 Loan Agreement").

10. A true and correct copy of the Note 1 Loan Agreement is attached to the Complaint as **Exhibit B** and incorporated herein by this reference.

11. On or about April 16, 2010, Gene Dunwody Jr. ("Dunwody Jr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Jr. Guaranty).

12. A true and correct copy of the Note 1 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit D** and incorporated herein by this reference.

13. Pursuant to the Note 1 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents").

14. On or about April 16, 2010, Gene Dunwody Sr. ("Dunwody Sr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Sr. Guaranty").

15. A true and correct copy of the Note 1 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit E** and incorporated herein by this reference.

16. Pursuant to the Note 1 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

17. On or about April 16, 2010, Jack W. Jenkins ("Jenkins") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Jenkins Guaranty").

18. A true and correct copy of the Note 1 Jenkins Guaranty is attached to the Complaint as **Exhibit F** and incorporated herein by this reference.

19. Pursuant to the Note 1 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents.

20. On or about April 16, 2010, W. Tony Long ("Long") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Long Guaranty")(hereinafter the Note 1 Dunwody Jr. Guaranty, the Note 1 Dunwody Sr. Guaranty, the Note 1 Jenkins Guaranty, and the Note 1 Long Guaranty shall be collectively referred to as the "Note 1 Guaranties").

21. A true and correct copy of the Note 1 Long Guaranty is attached to the Complaint as **Exhibit G** and incorporated herein by this reference.

22. Pursuant to the Note 1 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 Loan Documents.

23. CertusBank is the current holder of Note 1, the Note 1 Loan Agreement, the Note 1 Guaranties, and the related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

24. Note 1 matured on April 16, 2011 (the "Note 1 Maturity Date").

25. On or about August 17, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 1 Demand Letter").

26. A true and correct copy of the Note 1 Demand Letter is attached to the Complaint as **Exhibit I** and is incorporated herein by this reference.

27. In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 1 Loan Documents would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof.

28. As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 1 are as follows:

| | |
|---|---:|
| Principal: | $176,752.13 |
| Interest To Dec 19, 2014: | $36,528.75 |
| Late Charges: | $605.05 |
| Legal Expenses as of 12/4/2012 | $28,691.29 |
| **Net Amount Due:** | **$242,577.22** |

29. As of December 19, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $29.46. Additional interest, fees, costs and charges continue to accrue under Note 1 from December 19, 2014 going forward.

30. The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012.

*Note 2 – Loan No.  *****4300*

31. On or about April 28, 2011, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $1,286,369.29 (as amended, restated, and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as, the "Notes").

32. A true and correct copy of Note 2 is attached to the Complaint as **Exhibit J** and incorporated herein by this reference.

33. On or about April 28, 2011, Capricorn, through its manager Ronald B. Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 2 Loan Agreement")(hereinafter, the Note 1 Loan Agreement and the Note 2 Loan Agreement shall be collectively referred to as, the "Loan Agreements").

34. A true and correct copy of the Note 2 Loan Agreement is attached to the Complaint as **Exhibit K** and incorporated herein by this reference.

35. On or about April 28, 2011, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Jr. Guaranty, and together with the Note 1 Dunwody Guaranty, the "Dunwody Guaranties").

36. A true and correct copy of the Note 2 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit M** and incorporated herein by this reference.

37. Pursuant to the Note 2 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents").

38. On or about April 28, 2011, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Sr. Guaranty", and together with the Note 1 Dunwody Sr. Guaranty, the "Dunwody Sr. Guaranties").

39. A true and correct copy of the Note 2 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit N** and incorporated herein by this reference.

40. Pursuant to the Note 2 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

41. On or about April 28, 2011, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Jenkins Guaranty", and together with the Note 1 Jenkins Guaranty, the "Jenkins Guaranties").

42. A true and correct copy of the Note 2 Jenkins Guaranty is attached to the Complaint as **Exhibit O** and incorporated herein by this reference.

43. Pursuant to the Note 2 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.

44. On or about April 16, 2008, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Long Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties")(hereinafter the Note 2 Dunwody Jr. Guaranty, the Note 2 Dunwody Sr. Guaranty, the Note 2 Jenkins Guaranty, and the Note 2 Long Guaranty shall be collectively referred to as the "Note 2 Guaranties")(hereinafter, the Note 1 Guaranties and the Note 2 Guaranties shall be collectively referred to as, the "Guaranties").

45. A true and correct copy of the Note 2 Long Guaranty is attached to the Complaint as **Exhibit P** and incorporated herein by this reference.

46. Pursuant to the Note 2 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 Loan Documents.

47. CertusBank is the current holder of Note 2, the Note 2 Loan Agreement, the Note 2 Guaranties, and the related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

48. Note 2 matured on April 28, 2012 (the "Note 2 Maturity Date").

49. On or about August 7, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 2 Demand Letter").

50. A true and correct copy of the Note 2 Demand Letter is attached to the Complaint as **Exhibit R** and is incorporated herein by this reference.

51. In the Note 2 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 2 Loan Documents would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof.

52. As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 2 are as follows:

| | |
|---|---:|
| Principal: | $866,701.22 |
| Interest To Dec 04, 2012: | $82,707.37 |
| Late Charges: | $800.00 |
| Bid Amount 12/4/2012 | ($1,102,500.00) |
| Interest 744 days @ 30.72 12/5/2012 to 12/19/2014 | $22,855.68 |
| Appraisal Expenses as of 12/4/2012 | $11,700.00 |
| Property Taxes as of 12/4/2012 | $61,779.12 |
| Legal Expenses as of 12/4/2012 | $142,411.28 |
| **Net Amount Due:** | **$86,454.67** |

53. As of December 19, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $30.72. Additional interest, fees, costs and charges continue to accrue under Note 2 from December 19, 2014 going forward.

54. The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012.

55. Atlantic Southern was closed by the Georgia Department of Banking and Finance on May 20, 2011. The FDIC was thereafter appointed as receiver of the assets and liabilities of Atlantic Southern, and the FDIC as Receiver became the successor-in-interest to the right, title and interest of Atlantic Southern with respect to, inter alia, the Loan Documents.

56. CertusBank is the current holder of the Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

57. Monies were advanced, payments were made, and interest accrued pursuant to the terms of the Loan Documents as set forth in the loan history statements attached to hereto collectively as **Appendix 1**, and the loan payoff statements attached hereto collectively as **Appendix 2**.

58. The aforementioned advances, applicable interest rate throughout the course of the parties' transactions, accrued interest, outstanding amounts, payments made, and all amounts reflected as outstanding above and in this Affidavit are based upon my familiarity with the loan transactions referenced herein and upon my personal knowledge as a bank officer of Plaintiff.

59. The above-stated interest, calculations, and outstanding amounts were cross-checked by me for accuracy against the amounts set forth in the loan history statements attached hereto as **Appendix 1**, and the loan payoff statements attached hereto as **Appendix 2**, each of which are business records of Plaintiff.

60. The loan history statements attached hereto as **Appendix 1**, and the payoff statements at **Appendix 2**, were each (i) made and prepared in the regular course of business and operations of Plaintiff; (ii) made at or near the times of the transactions or actions to which they refer and (iii) made and prepared by individuals with knowledge of the transactions or actions referenced therein.

[remainder of page blank – affiant signature page to follow]

**FURTHER AFFIANT SAYETH NAUGHT.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Ray Persenaire
　　　　　　　　　　　　　　　　Vice President and Commercial Asset Manager
　　　　　　　　　　　　　　　　CertusBank, N.A.

Sworn to and subscribed before me
this the 22 day of December, 2014.

_____
Notary Public

My Commission Expires: 12/6/15