IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>GENE DUNWODY, JR., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>) 5:14-cv-00069-CAR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff CertusBank, N.A. ("Plaintiff" or "CertusBank"), as successor in interest to Atlantic Southern Bank ("Atlantic Southern") pursuant to Fed. R. Civ. P. 56 and Local Rule 56, MDGa, hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment (the "Motion"), as to its Complaint filed on February 18, 2014 [Docket No. 1] (the "Complaint") in the above-captioned matter and against Defendants Eugene C. Dunwody, Jr. ("Dunwody Jr."), Gene Dunwody, Sr. (Dunwody Sr.), Jack W. Jenkins ("Jenkins"), and W. Tony Long ("Long", and together with Dunwody Jr., Dunwody Sr., and Jenkins, collectively, the "Defendants") jointly and severally, as set forth below. Plaintiff respectfully submits that there are no genuine issues of material fact and that CertusBank is entitled to judgment as a matter of law. In further support of the Motion,[1] Plaintiff states as follows:

---

[1] By its Motion, Plaintiff does not seek any relief against Defendant L. Robert Lovett. This action remains stayed against Defendant L. Robert Lovett pursuant to 11 U.S.C. § 362 on account of the filing of his voluntary bankruptcy petition, Middle District of Georgia Bankruptcy Court, Chapter 11 Case No. 14-52614.

## I.     Introduction

The above-styled action was filed in order to recover amounts owed pursuant to defaulted and matured commercial promissory notes originally executed in favor of Atlantic Southern Bank by Capricorn Centre, LLC ("Capricorn").

Defendants Dunwody Jr., Dunwody Sr., Jenkins, and Long executed and delivered to Atlantic Southern written guaranty agreements in connection with said Notes (as more specifically defined in the fact section below), by which they unconditionally guaranteed the payment and performance of all obligations of Capricorn under said Notes.

Defendants failed to pay the amounts due and owing under the Notes on or before maturity, which constituted defaults under the Notes, their respective guaranties, and other applicable the loan documents.  The Notes and associated loan documents were subsequently assigned to CertusBank.  CertusBank made demand upon Defendants for payment of the Notes and pursuant to their respective guaranties, and notified Defendants of CertusBank's intention to enforce the provisions of the loan documents concerning attorneys' fees, but Defendants failed to remit payment pursuant to their respective contractual obligations and CertuBank's demands.

Defendants remain liable for the full outstanding balance of all principal, fees, and charges under the Notes, plus statutory attorneys' fees, up to the maximum amounts permitted under their respective guaranties.  Although Defendants' individual liability for outstanding principal under the Notes was capped at $33,045.00 and $241,280.00 for each Defendant under their guaranties, respectively, they remain additionally liable for all accrued interest and statutory attorneys' fees under the Notes and pursuant to the express terms of their guaranties.

The amounts CertusBank seeks are based in contract, liquidated and capable of simple mathematical calculation. Defendants' affirmative defenses are meritless and, as a matter of law, fail to pierce the evidence supporting CertusBank's right to judgment.

Accordingly, CertusBank requests that the Court grant summary judgment in its favor and against Defendants, jointly and severally, for Plaintiff's recovery of the outstanding amounts owed under the Notes, in the maximum amounts as to each Defendant allowable under their respective guaranties.

## II.   Facts[2]

### The Loan Documents and Defendants' Defaults

A.   Note 1 – Loan No. *****4500

On or about April 16, 2010, Capricorn Centre, LLC ("Capricorn"), through its manager Ronald B. Conners ("Conners"), executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $176,452.13 (as amended, restated, and/or modified from time to time, "Note 1"). *See* Plaintiff's Statement of Material Facts to Which there are No Genuine Issues to be Tried ("Plaintiff's Statement") at ¶2. A true and correct copy of Note 1 is attached to the Complaint as **Exhibit A** and incorporated herein by this reference. Plaintiff's Statement at ¶ 3.

On or about April 16, 2010, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 1 Loan Agreement"). Plaintiff's Statement at ¶ 4. A true and correct copy of the Note 1 Loan Agreement is attached to the Complaint as **Exhibit B** and incorporated herein by this reference. Plaintiff's Statement at ¶ 5.

---

[2] Pursuant to Local Rule 56, MDGa, the material facts referenced in the Plaintiff's Statement are supported by specific citation in the Plaintiff's Statement to documents and materials of record in this case.

On or about April 16, 2010, Gene Dunwody Jr. ("Dunwody Jr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Jr. Guaranty"). Plaintiff's Statement at ¶ 6. A true and correct copy of the Note 1 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit D** and incorporated herein by this reference. Plaintiff's Statement at ¶ 7.

Pursuant to the Note 1 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents"). Plaintiff's Statement at ¶ 8.

On or about April 16, 2010, Gene Dunwody Sr. ("Dunwody Sr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Sr. Guaranty"). Plaintiff's Statement at ¶ 9. A true and correct copy of the Note 1 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit E** and incorporated herein by this reference. Plaintiff's Statement at ¶ 10.

Pursuant to the Note 1 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Plaintiff's Statement at ¶ 11.

On or about April 16, 2010, Jack W. Jenkins ("Jenkins") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Jenkins Guaranty"). Plaintiff's Statement at ¶ 12. A true and correct copy of the Note 1 Jenkins Guaranty is attached to the Complaint as **Exhibit F** and incorporated herein by this reference. Plaintiff's Statement at ¶ 13. Pursuant to the Note 1 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Plaintiff's Statement at ¶ 14.

On or about April 16, 2010, W. Tony Long ("Long") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Long Guaranty")(hereinafter the Note 1 Dunwody Jr. Guaranty, the Note 1 Dunwody Sr. Guaranty, the Note 1 Jenkins Guaranty, and the Note 1 Long Guaranty shall be collectively referred to as the "Note 1 Guaranties").  Plaintiff's Statement at ¶ 15.  A true and correct copy of the Note 1 Long Guaranty is attached to the Complaint as **Exhibit G** and incorporated herein by this reference.  Plaintiff's Statement at ¶ 16.  Pursuant to the Note 1 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 Loan Documents.  Plaintiff's Statement at ¶ 17.

CertusBank is the current holder of Note 1, the Note 1 Loan Agreement, the Note 1 Guaranties, and the related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.  Plaintiff's Statement at ¶ 18.  Note 1 matured on April 16, 2011 (the "Note 1 Maturity Date").  Plaintiff's Statement at ¶ 19.  Defendants each defaulted under the terms of their respective Note 1 Guaranties.  Plaintiff's Statement at ¶ 20.

Through counsel, CertusBank sent notice of default and demand under Note 1 to Defendants on August 17, 2012.  A true and correct copy of the Note 1 Demand Letter (the "Note 1 Demand Letter") is attached to the Complaint as **Exhibit I** and is incorporated herein by this reference.  Plaintiff's Statement at ¶ 21.  In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 1 Loan Documents would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof.  Plaintiff's Statement at ¶ 22.

As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 1 are as follows:

| | |
|---|---:|
| Principal: | $176,752.13 |
| Interest To Dec 19, 2014: | $36,528.75 |
| Late Charges: | $605.05 |
| Legal Expenses as of 12/4/2012 | $28,691.29 |
| **Net Amount Due:** | **$242,577.22** |

Plaintiff's Statement at ¶ 23.  As of December 19, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $29.46.  Additional interest, fees, costs and charges continue to accrue under Note 1 from December 19, 2014 going forward.  Plaintiff's Statement at ¶ 24.

The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012.  Plaintiff's Statement at ¶ 25.

**B.    Note 2 – Loan No.   *****4300**

On or about April 28, 2011, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $1,286,369.29 (as amended, restated, and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as, the "Notes").  Plaintiff's Statement at ¶ 26. A true and correct copy of Note 2 is attached to the Complaint as **Exhibit J** and incorporated herein by this reference.  Plaintiff's Statement at ¶ 27.

On or about April 28, 2011, Capricorn, through its manager Ronald B. Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 2 Loan Agreement")(hereinafter, the Note 1 Loan Agreement and the Note 2 Loan Agreement shall be collectively referred to as, the "Loan Agreements").  Plaintiff's Statement at ¶ 28.  A true and

correct copy of the Note 2 Loan Agreement is attached to the Complaint as **Exhibit K** and incorporated herein by this reference.  Plaintiff's Statement at ¶ 29.

On or about April 28, 2011, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Jr. Guaranty, and together with the Note 1 Dunwody Guaranty, the "Dunwody Guaranties").  Plaintiff's Statement at ¶ 30.  A true and correct copy of the Note 2 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit M** and incorporated herein by this reference.  Plaintiff's Statement at ¶ 31.  Pursuant to the Note 2 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents").  Plaintiff's Statement at ¶ 32.

On or about April 28, 2011, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Sr. Guaranty", and together with the Note 1 Dunwody Sr. Guaranty, the "Dunwody Sr. Guaranties").  Plaintiff's Statement at ¶ 33.  A true and correct copy of the Note 2 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit N** and incorporated herein by this reference.  Plaintiff's Statement at ¶ 34.  Pursuant to the Note 2 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents.  Plaintiff's Statement at ¶ 35.

On or about April 28, 2011, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Jenkins Guaranty", and together with the Note 1 Jenkins

Guaranty, the "Jenkins Guaranties"). Plaintiff's Statement at ¶ 36. A true and correct copy of the Note 2 Jenkins Guaranty is attached to the Complaint as **Exhibit O** and incorporated herein by this reference. Plaintiff's Statement at ¶ 37. Pursuant to the Note 2 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents. Plaintiff's Statement at ¶ 38.

On or about April 16, 2008, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Long Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties")(hereinafter the Note 2 Dunwody Jr. Guaranty, the Note 2 Dunwody Sr. Guaranty, the Note 2 Jenkins Guaranty, and the Note 2 Long Guaranty shall be collectively referred to as the "Note 2 Guaranties")(hereinafter, the Note 1 Guaranties and the Note 2 Guaranties shall be collectively referred to as, the "Guaranties"). Plaintiff's Statement at ¶ 39. A true and correct copy of the Note 2 Long Guaranty is attached to the Complaint as **Exhibit P** and incorporated herein by this reference. Plaintiff's Statement at ¶ 40. Pursuant to the Note 2 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 Loan Documents. Plaintiff's Statement at ¶ 41.

CertusBank is the current holder of Note 2, the Note 2 Loan Agreement, the Note 2 Guaranties, and the related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern. Plaintiff's Statement at ¶ 42.

Note 2 matured on April 28, 2012 (the "<u>Note 2 Maturity Date</u>"). Plaintiff's Statement at ¶ 43. Defendants each defaulted under the terms of their respective Note 2 Guaranties. Plaintiff's Statement at ¶ 44.

On or about August 7, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "<u>Note 2 Demand Letter</u>"). Plaintiff's Statement at ¶ 45. A true and correct copy of the Note 2 Demand Letter is attached to the Complaint as **Exhibit R** and is incorporated herein by this reference. Plaintiff's Statement at ¶ 46. In the Note 2 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 2 Loan Documents would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof. Plaintiff's Statement at ¶ 47.

As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 2 are as follows:

| | |
|---|---|
| Principal: | $866,701.22 |
| Interest To Dec 04, 2012: | $82,707.37 |
| Late Charges: | $800.00 |
| Bid Amount 12/4/2012 | ($1,102,500.00) |
| Interest 744 days @ 30.72 12/5/2012 to 12/19/2014 | $22,855.68 |
| Appraisal Expenses as of 12/4/2012 | $11,700.00 |
| Property Taxes as of 12/4/2012 | $61,779.12 |
| Legal Expenses as of 12/4/2012 | $142,411.28 |
| **Net Amount Due:** | **$86,454.67** |

Plaintiff's Statement at ¶ 48. As of December 19, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $30.72. Plaintiff's Statement at ¶ 49. Additional interest, fees, costs and charges continue to accrue under Note 2 from December 19, 2014 going forward. *Id.* The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees

available under Note 1 and applicable law from December 4, 2012.  Bank Aff. at ¶ 54, 58-60, and at Appx. 1 and Appx. 2.  Plaintiff's Statement at ¶ 50.

Atlantic Southern was closed by the Georgia Department of Banking and Finance on May 20, 2011.  The FDIC was thereafter appointed as receiver of the assets and liabilities of Atlantic Southern, and the FDIC as Receiver became the successor-in-interest to the right, title and interest of Atlantic Southern with respect to, inter alia, the Loan Documents.  Plaintiff's Statement at ¶ 50.  CertusBank is the current holder of the Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.  Bank Aff. at ¶ 51.

### III.   Argument and Citation of Authority

#### A.   General Summary Judgment Standard.

Summary judgment is appropriate when the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1326 (11th Cir. 1998) (citations omitted).  The party moving for summary judgment "bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  *White v. BAC Home Loans Servicing, LP*, 2011 WL 4479299 at *3 (N.D.Ga., Sept. 26, 2011) (*quoting Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259 (11th Cir. 2004) (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986))).  "Where the moving party makes such a showing, the burden shifts to the non-movant, who must

go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist." *White*, 2011 WL 4479299 at * 3.

"In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Id*. "But, the court is bound only to draw those inferences which are reasonable. 'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Id*. (*quoting Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997)). Merely colorable evidence that is not significantly probative will not withstand a motion for summary judgment." *White*, 2011 WL 4479299 at * 3.

### B. Standard Applicable to Suits on Guaranties.

In Georgia, the holder of a guaranty establishes a *prima facie* right to judgment on the guaranty if the holder establishes: (a) the existence of a guaranty; and (b) the amount owed on the underlying debt. *See Caves v. Columbus Bank & Trust Co.,* 264 Ga. App. 107, 110-11, 589 S.E.2d 670, 673 (2003) (creditor established liability under a personal guaranty where the guarantor admitted execution of a guaranty and the creditor established the underlying indebtedness).

When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a valid defense via competent evidence. *See, e.g., Burks v. Community Nat'l Bank,* 216 Ga. App. 155, 156, 454 S.E.2d 144 (1995); *Spier*, 202 Ga. App. at 408; *S&W Masonry Contractor, Inc. v. Jamison Co., Inc.,* 199 Ga. App. 628, 629, 405 S.E.2d 519 (1991); *Dixie Diners Atlanta, Inc. v. Gwinnett Fed. Bank, FSB*, 211 Ga. App. 364, 366, 439 S.E.2d 53, 56 (1993) (shifting burden to guarantors on note to establish an affirmative defense after bank made out a *prima facie* case); *see also*, *Fink*, 2005 WL 2406060 at

*2 (once *prima facie* right to judgment is shown, burden "shifts to Defendants to establish an affirmative defense to Plaintiff's claim.")

      **C.**    **CertusBank Established Its *Prima Facie* Case on the Guaranties and is Entitled to Summary Judgment.**

Based on the record before the Court, there is no genuine issue of material fact as to Defendants' respective liability for the amounts due under the Notes and the respective Guaranties that they each executed. CertusBank established the existence of these guaranties and provided authenticated copies of the same for the record. Plaintiff's Statement at ¶¶ 2-16, 26-41. There is no dispute that the Guaranties, by their plain language, guaranty all of Capricorn's obligations to CertusBank under the Notes (subject to a $33,045.00 cap under Note 1 and a $241,280.00 cap under Note 2, solely with regard to the principal amounts outstanding thereunder). Accordingly, CertusBank established its *prima facie* right to recover under the Guaranties, and respectfully requests that the Court accordingly enter summary judgment in CertusBank's favor against the Defendants, jointly and severally, in the amounts set forth above.

      **D.**    **CertusBank is Entitled to Contractual Attorneys' Fees from Defendants Pursuant to the Note and Guaranties, and O.C.G.A. § 13-1-11.**

CertusBank is entitled to an award of attorneys' fees pursuant to the plain language of the Notes, Loan Agreements, Guaranties, and O.C.G.A. § 13-1-11. It is undisputed that CertusBank made demand as required by O.C.G.A. § 13-1-11 for payment of principal and interest outstanding under the Notes and gave notice of its intent to collect attorneys' fees if such amounts were not paid within ten (10) days. Plaintiff's Statement at ¶¶ 21, 45-46. Defendants failed to repay the indebtedness under the Note within ten (10) days.

Section 7 of each of the Notes provides, *inter alia*, that, "This Note is further governed by the Commercial Loan Agreement executed between [CDS] and [Atlantic Southern] as part of

this Loan, as modified, amended, or supplemented." The Loan Agreements in turn provide, *inter alia*, that, if Capricorn's indebtedness thereunder "is collected by or through an attorney after maturity, [Capricorn] agree[s] to pay 15 percent of the Principal and interest owing as attorneys' fees.". Complaint, Exs. A, at § 9, and K, at § 10.

The Georgia Code provides the calculation of attorneys' fees where specified in a note or other evidence of indebtedness. Under the applicable version of O.C.G.A. § 13-1-11(a)(1):[3]

> (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:
>
> > (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

Ga. Code Ann. § 13-1-11 (West)(Effective June 3, 2010-June 30, 2011).

Because CertusBank gave notice and made demand in accordance with O.C.G.A. §13-1-11, CertusBank is entitled to attorneys' fees at 15% of the principal and interest owing as provided under the Loan Agreements. These amounts are accordingly included in the amounts requested in Plaintiff's Motion for Summary Judgment. Specifically, $28,691.29 remains owing for statutory attorneys' fees under Note 1; the $142,411.28 in statutory attorneys' fees under Note 2 was satisfied with application of foreclosure proceeds. *See* Plaintiff's Statement at ¶¶ 23 and 48.

---

[3] The current version of O.C.G.A. § 13-1-11(a)(1) applies only to contracts entered on or after July 1, 2011. *See* ATTORNEY FEES—CONTRACTS—CONTINGENT COMPENSATION, 2012 Georgia Laws Act 725 (S.B. 181)("This Act shall become effective on July 1, 2011, and Section 1 of this Act shall apply to contracts entered on or after July 1, 2011"). As the Note and Guaranties were executed prior to July 1, 2011, the former version of O.C.G.A. § 13-1-11(a)(1) in effect prior to July 1, 2011 applies to this case.

### E.     Defendants' Defenses Do Not Defeat CertusBank's Motion

CertusBank established its *prima facie* right to judgment on the Notes and the Guaranties, therefore, the burden shifts to Defendants to establish a meritorious defense.  Defendants assert ten (10) affirmative defenses (thirteen (13) defenses are listed, but Defendants' affirmative Defenses numbered 11-13 are simply a reservation of rights, a general denial, and incorporation of the numbered responses to Plaintiff's Complaint).  See Defendants' Answer and Defenses [Docket No. 18], pp. 1-2.

As a preliminary matter, these defenses fail because each of the affirmative defenses asserted in their Answer were expressly waived in advance under the express terms of the guaranties that they signed, and such waivers are enforceable under Georgia law.  *See* Guaranties, Complaint, Exs. D, E, F, G, M, N, O, and P at § 9.  *See, e.g.*, *Monroe v. Martin*, 137 Ga. 262, 73, S.E.2d 341 (1911); *Ramirez v. Golden*, 223 Ga. App. 610, 478 S.E.2d 430 (1996); *Parker v. Fidelity Bank*, 151 Ga. App. 733, 261 S.E.2d 465 (1979).  Even though they were waived, CertusBank will nonetheless address each of the Defendants' affirmative defenses set forth in the Defendants' Answer.

The Defendants' first defense fails because Plaintiff's Complaint states multiple claims against Defendants upon which relief may be granted.  As discussed at length above, Plaintiff meets its *prima facie* elements of its causes of action under the applicable notes and guaranties.  The Complaint plainly sets forth the factual and legal basis for recognized causes of action; *i.e.*, actions on a note, breach of contract, breach of guaranties and action for recovery of attorneys' fees.

The Defendants' second defense fails because the loan histories and payment data submitted with the Bank Aff. show there has been no payment satisfying all of the amounts

outstanding under the Notes.  Furthermore, there is no record evidence that would even remotely suggest that Plaintiff's claims are barred by any kind of release as contended.

Defendants' third affirmative defense of election of remedies fails as Plaintiff's claims are not barred by Plaintiff's purported failure to mitigate its damages or elect any alternate remedy.  As a matter of law, CertusBank has no such duty to elect another remedy or mitigate its damages under the applicable Guaranties.  In *REL Development, Inc. v. Branch Banking and Trust Company*, 305 Ga. App. 429, 699 S.E.2d 779 (2010), the bank sued to recover loans without foreclosing on the underlying collateral.  Specifically considering O.C.G.A. § 13-6-5 on appeal, the *REL* court rejected Defendant's mitigation of damages argument, and "confirm[ed] that the Bank could pursue either or both remedies, concurrently or consecutively." *Id.* at 431, 780-781.  Relying on the language of the parties' contracts and strong Georgia law providing the bank with a free election of its remedies[4], the *REL* court held:

> [T]he bank was under no duty to appellant to proceed against the collateral to collect payment on the note.  It can thus be fairly inferred that the bank had *no obligation to mitigate its damages* in relation to the collateral.

*Id.* at 432, 781-782 (internal quotations omitted).   Here, the Guaranties provide that, "I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property." *See* Guaranties, Complaint Exs. Complaint, Exs. D, E, F, G, M, N, O, and P at § 4.

Under the plain language of the loan documents and well established Georgia law, CertusBank was therefore authorized to exercise its remedies as it saw fit.  *See also, Brown v. Rooks,* 240 Ga. 674, 674-675, 242 S.E.2d 128, 129 (1978) (finding constitutional and fair that

---

[4] *See, e.g., Oliver v. Slack*, 192 Ga. 7, 14 S.E. 2d 593 (1941); and *Taylor v. Thompson*, 158 Ga. App. 671, 282 S.E.2d 157 (1981).

holder of promissory note may sue on note instead of exercising power to foreclose property securing note). CertusBank therefore had no duty to exercise its remedies in a manner that would mitigate its damages in this case. The Defendants' election of remedies defense clearly fails under the express contract language and Georgia law. Therefore, CertusBank is entitled to summary judgment.

Defendant's fourth and fifth defenses based upon on Georgia's anti-deficiency confirmation statute (O.C.G.A. § 44-14-161) fails because in each of the Guaranties, Defendants expressly waived, among other things, "reliance on any anti-deficiency stautes, through subrogation or otherwise…" and agreed that "such statutes in no way affect or impair my liability." *See* Guaranties at § 9(A)(9), Complaint, D, E, F, G, M, N, O, and P. This waiver is enforceable under Georgia law. *See Cmty. & S. Bank v. DCB Investments, LLC,* 760 S.E.2d 210, 216 (Ga. Ct. App. 2014), *reconsideration denied* (July 29, 2014)(where guarantors waived defense based on failure to obtain a valid confirmation of the foreclosure sale, lender was entitled to collect difference between amount due on note and the foreclosure sale proceeds from guarantors). Since Defendants expressly waived, among other things, all defenses arising under any anti-deficiency statutes such as O.C.G.A. § 44-14-161 in their Guaranties, Certus is entitled to recover the remaining outstanding debt under the Notes. *See Cmty. & S. Bank,* 760 S.E.2d at 216.

Defendants stock defenses of *res judicata*, "wavier of estoppel", lack of diversity jurisdiction, and setoff/recoupment as asserted in affirmative defenses six through nine also fail. There has never been a prior deficiency action or adjudication on the merits of the claims asserted in this deficiency suit. There is no evidence of any waiver by Certus or Atlantic Southern in the record, or any setoff or recoupment as to the amounts owed. Furthermore, the

record shows that CertusBank is a South Carolina citizen for purposes of diversity jurisdiction, and that each Defendant is a Georgia citizen. *See* Statement at ¶ 1; Defendants' Answer at ¶¶ 4, 6, 8, and 10.

Finally, Defendants' tenth defense fails because CertusBank gave Defendants due and proper written notice under O.C.G.A. § 13-1-1 of its intent to collect attorneys' fees under the Loan Documents. *See* Complaint, Exs. I and R.

In sum, Defendants have no viable defense to this action and there is no issue of material fact. CertusBank is entitled to summary judgment accordingly.

### IV.   Conclusion

**WHEREFORE,** for all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter summary judgment in favor of Plaintiff and against each of the Defendants, jointly and severally, for Plaintiff's recovery of the outstanding amounts owed under the Notes, in the following maximum amounts as to each Defendant:

(i)   Judgment against Defendant Gene Dunwody, Jr. for the maximum portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the terms of his respective Guaranties, in the amount of $185,304.76 as of December 19, 2014, plus additional interest, expenses, costs, and attorneys' fees as same continue to accrue from such date forward;

(ii)   Judgment against Defendant Gene Dunwody, Sr. for the maximum portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the terms of his respective Guaranties, in the amount of $185,304.76 as of December 19, 2014, plus additional interest, expenses, costs, and attorneys' fees as same continue to accrue from such date forward;

(iii)    Judgment against Defendant Jack W. Jenkins for the maximum portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the terms of his respective Guaranties, in the amount of $185,304.76 as of December 19, 2014, plus additional interest, expenses, costs, and attorneys' fees as same continue to accrue from such date forward;

(iv)    Judgment against Defendant W. Tony Long for the maximum portion of all amounts due, owing, and accruing under the Notes and applicable law which he guaranteed would be paid under the terms of his respective Guaranties, in the amount of $185,304.76 as of December 19, 2014, plus additional interest, expenses, costs, and attorneys' fees as the same have accrued as of such date and continue to accrue; and

(v)    such other relief in favor of Plaintiff as the Court deems just, equitable and proper.

Dated:  December 22, 2014.                Respectfully submitted,

/s/ Sean A. Gordon
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email:  gordonsa@gtlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that that on December 22, 2014 I electronically filed the foregoing *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney(s) of record.

Wesley J. Boyer
Katz, Flatau & Boyer LLP
355 Cotton Avenue
Macon Ga. 31201
wjboyer_2000@yahoo.com

                                              /s/ Sean A. Gordon
                                              Sean A. Gordon
                                              Georgia Bar No. 777350
                                              **GREENBERG TRAURIG, LLP**
                                              Terminus 200
                                              3333 Piedmont Road, N.E.
                                              Suite 2500
                                              Atlanta, Georgia 30305
                                              (678) 553-2100 *Telephone*
                                              (678) 553-2212 *Facsimile*
                                              Email:  gordonsa@gtlaw.com

                                              *Attorneys for Plaintiff*