IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK, | : : : | |
| Plaintiff | : : | CIVIL ACTION NO. 5:14-CV-69-LJA |
| v. | : : : | |
| GENE DUNWODY, JR.; GENE DUNWODY, SR.; JACK W. JENKINS; W. TONY LONG; and L. ROBERT LOVETT, | : : : : : | |
| Defendants | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED**

COME NOW Gene Dunwody, Jr.; Gene Dunwody, Sr.; Jack W. Jenkins; and W. Tony Long ("Defendants")[1] and file this Response To Plaintiff's Statement Of Material Facts To Which There Are No Genuine Issues To Be Tried.

Statement No. 1

CertusBank is a National Banking Association with its principal place of business located in South Carolina. Affidavit of R. Persenaire in Support of Plaintiff's Motion for Summary Judgment, filed contemporaneously herewith (the "Bank Aff.") at ¶ 4.

Response: Correct.

Statement No. 2

On or about April 16, 2010, Capricorn Centre, LLC ("Capricorn"), through its manager Ronald B. Conners ("Conners"), executed and delivered to Atlantic Southern that certain

---

[1] The case is stayed as to Defendant L. Robert Lovett due to his bankruptcy. A suggestion of bankruptcy was filed on November 13, 2014. [Docket no. 27]

*Promissory Note* in the original principal amount of $176,452.13 (as amended, restated, and/or modified from time to time, "Note 1"). Bank Aff. at ¶ 7; Defendants' Responses to Plaintiff's Plaintiff's First Set of Requests for Admission (the "Defendants' Admissions") at No. 2.

Response:  Correct.

### Statement No. 3

A true and correct copy of Note 1 is attached to the Complaint as **Exhibit A** and incorporated herein by this reference. Bank Aff. at ¶ 8; Defendants' Admissions, No. 1.

Response:  Correct.

### Statement No. 4

On or about April 16, 2010, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 1 Loan Agreement"). Bank Aff. at ¶ 9; Defendants' Admissions, No. 4.

Response:  Correct.

### Statement No. 5

A true and correct copy of the Note 1 Loan Agreement is attached to the Complaint as **Exhibit B** and incorporated herein by this reference.  Bank Aff. at ¶ 10; Defendants' Admissions, No. 1.

Response:  Correct.

### Statement No. 6

On or about April 16, 2010, Gene Dunwody Jr. ("Dunwody Jr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Jr. Guaranty"). Bank Aff. at ¶ 11; Defendants' Admissions, No. 10.

Response:  Correct.

Statement No. 7

A true and correct copy of the Note 1 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit D** and incorporated herein by this reference. Bank Aff. at ¶ 12; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 8

Pursuant to the Note 1 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents"). Bank Aff. at ¶13; Complaint, Ex. D.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 9

On or about April 16, 2010, Gene Dunwody Sr. ("Dunwody Sr.") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Dunwody Sr. Guaranty"). Bank Aff. at ¶ 14; Defendants' Admissions, No. 11.

Response: Correct.

Statement No. 10

A true and correct copy of the Note 1 Dunwody Sr. Guaranty is attached to the Complaint as **Exhibit E** and incorporated herein by this reference. Bank Aff. at ¶ 15; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 11

Pursuant to the Note 1 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Bank Aff. at ¶ 16; Complaint, Ex. E.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 12

On or about April 16, 2010, Jack W. Jenkins ("Jenkins") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Jenkins Guaranty"). Bank Aff. at ¶ 17; Defendants' Admissions, No. 12.

Response: Correct.

Statement No. 13

A true and correct copy of the Note 1 Jenkins Guaranty is attached to the Complaint as **Exhibit F** and incorporated herein by this reference. Bank Aff. at ¶ 18; Defendants' Admissions, No. 1.

Response: Correct.

## Statement No. 14

Pursuant to the Note 1 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 1 Loan Documents. Bank Aff. at ¶ 19; Complaint, Ex. F.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

## Statement No. 15

On or about April 16, 2010, W. Tony Long ("Long") executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 1 Long Guaranty")(hereinafter the Note 1 Dunwody Jr. Guaranty, the Note 1 Dunwody Sr. Guaranty, the Note 1 Jenkins Guaranty, and the Note 1 Long Guaranty shall be collectively referred to as the "Note 1 Guaranties"). Bank Aff. at ¶ 20; Defendants' Admissions, No. 13.

Response: Correct.

## Statement No. 16

A true and correct copy of the Note 1 Long Guaranty is attached to the Complaint as **Exhibit G** and incorporated herein by this reference. Bank Aff. at ¶ 21; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 17

Pursuant to the Note 1 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 1 Loan Documents. Bank Aff. at ¶ 22; Complaint, Ex. G.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 18

CertusBank is the current holder of Note 1, the Note 1 Loan Agreement, the Note 1 Guaranties, and the related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern. Bank Aff. at ¶ 23.

Response: Correct.

Statement No. 19

Note 1 matured on April 16, 2011 (the "Note 1 Maturity Date"). Bank Aff. at ¶ 24; Complaint at Ex. A.

Response: Correct.

Statement No. 20

Dunwody Jr., Dunwody Sr., Jenkins, and Long each defaulted under the terms of their respective Note 1 Guaranties. Defendants' Admissions, No. 15.

Response:  Not correct.  Defendants contend that the guarantees were discharged by failure of Plaintiff to confirm its foreclosure sale in accordance with Georgia law.  [Defendants' brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 21

A true and correct copy of the Note 1 Demand Letter is attached to the Complaint as **Exhibit I** and is incorporated herein by this reference.  Bank Aff. at ¶ 26; Defendants' Admissions, No. 1.

Response:  Correct.

Statement No. 22

In the Note 1 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 1 Loan Documents would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof.  Bank Aff. at ¶ 27; Complaint, Ex. I.

Response:  Not correct.  Defendants contend the notice was incorrect and legally ineffective. [Defendants' brief at 6-7, 12-14; Complaint, Exhibit I; Complaint, Exhibit R]

Statement No. 23

As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 1 are as follows:

| | |
|---|---:|
| Principal | $176,752.13 |
| Interest to 12/19/2014 | 36,528.75 |
| Late charges | 605.05 |
| Legal expenses as of 12/4/2012 | <u>28,691.29</u> |
| Net amount due | $242,577.22 |

Bank Aff. at ¶ 28, 58-60, and at Appx. 1-2.

Response:   Not correct.   Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6, 12-14]

Statement No. 24

As of December 19, 2014, interest continues to accrue on Note 1 at the *per diem* rate of $29.46. Additional interest, fees, costs and charges continue to accrue under Note 1 from December 19, 2014 going forward. Bank Aff. at ¶ 29; 58-60, and at Appx. 1-2.

Response:   Not correct.   Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6]

Statement No. 25

The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 1 as of December 19, 2014 are exclusive of costs of collection and attorneys' fees available under Note 1 and applicable law from December 4, 2012. Bank Aff. at ¶ 30.

Response:   Not correct.   Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6]

Statement No. 26

On or about April 28, 2011, Capricorn, through its manager Conners, executed and delivered to Atlantic Southern that certain *Promissory Note* in the original principal amount of $1,286,369.29 (as amended, restated, and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as, the "Notes"). Bank Aff. at ¶ 31; Defendants' Admissions, No. 6.

Response: Correct.

Statement No. 27

A true and correct copy of Note 2 is attached to the Complaint as **Exhibit J** and incorporated herein by this reference. Bank Aff. at ¶ 32; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 28

On or about April 28, 2011, Capricorn, through its manager Ronald B. Conners, executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement*, (the "Note 2 Loan Agreement")(hereinafter, the Note 1 Loan Agreement and the Note 2 Loan Agreement shall be collectively referred to as, the "Loan Agreements"). Bank Aff. at ¶ 33; Defendants' Admissions, No. 8.

Response: Correct.

Statement No. 29

A true and correct copy of the Note 2 Loan Agreement is attached to the Complaint as **Exhibit K** and incorporated herein by this reference. Bank Aff. at ¶ 34; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 30

On or about April 28, 2011, Dunwody Jr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Jr. Guaranty, and together with the Note 1 Dunwody Guaranty, the "Dunwody Guaranties"). Bank Aff. at ¶ 35; Defendants' Admissions, No. 22.

Response: Correct.

Statement No. 31

A true and correct copy of the Note 2 Dunwody Jr. Guaranty is attached to the Complaint as **Exhibit M** and incorporated herein by this reference. Bank Aff. at ¶ 36; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 32

Pursuant to the Note 2 Dunwody Jr. Guaranty, Dunwody Jr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents"). Bank Aff. at ¶ 37; Complaint, Ex. M.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 33

On or about April 28, 2011, Dunwody Sr. executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Dunwody Sr. Guaranty", and together with the Note 1 Dunwody Sr. Guaranty, the "Dunwody Sr. Guaranties"). Bank Aff. at ¶ 38; Defendants' Admissions, No. 23.

Response: Correct.

<u>Statement No. 34</u>

A true and correct copy of the Note 2 Dunwody Sr. Guaranty is attached to the Complaint as **<u>Exhibit N</u>** and incorporated herein by this reference. Bank Aff. at ¶ 39; Defendants' Admissions, No. 1.

<u>Response</u>: Correct.

<u>Statement No. 35</u>

Pursuant to the Note 2 Dunwody Sr. Guaranty, Dunwody Sr. absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents. Bank Aff. at ¶ 40; Complaint, Ex. N.

<u>Response</u>: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

<u>Statement No. 36</u>

On or about April 28, 2011, Jenkins executed and delivered to Atlantic Southern that certain *Guaranty* (the "<u>Note 2 Jenkins Guaranty</u>", and together with the Note 1 Jenkins Guaranty, the "<u>Jenkins Guaranties</u>"). Bank Aff. at ¶ 41; Defendants' Admissions, No. 24.

<u>Response</u>: Correct.

Statement No. 37

A true and correct copy of the Note 2 Jenkins Guaranty is attached to the Complaint as **Exhibit O** and incorporated herein by this reference.  Bank Aff. at ¶ 42; Defendants' Admissions, No. 1.

Response:  Correct.

Statement No. 38

Pursuant to the Note 2 Jenkins Guaranty, Jenkins absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under the Note 2 Loan Documents. Bank Aff. at ¶ 43; Complaint, Ex. O.

Response:  Not correct.  Defendants admit the guaranty was executed.  The legal effect of the document is a legal issue to be decided by the Court and not a "fact."  Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure.  [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 39

On or about April 16, 2008, Long executed and delivered to Atlantic Southern that certain *Guaranty* (the "Note 2 Long Guaranty", and together with the Note 1 Long Guaranty, the "Long Guaranties")(hereinafter the Note 2 Dunwody Jr. Guaranty, the Note 2 Dunwody Sr. Guaranty, the Note 2 Jenkins Guaranty, and the Note 2 Long Guaranty shall be collectively referred to as the "Note 2 Guaranties")(hereinafter, the Note 1 Guaranties and the Note 2 Guaranties shall be collectively referred to as, the "Guaranties").  Bank Aff. at ¶ 44; Defendants' Admissions, No. 25.

Response:  Correct.

Page 12

Statement No. 40

A true and correct copy of the Note 2 Long Guaranty is attached to the Complaint as **Exhibit P** and incorporated herein by this reference. Bank Aff. at ¶ 45; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 41

Pursuant to the Note 2 Long Guaranty, Long absolutely and unconditionally guaranteed payment and performance of, *inter alia*, Capricorn's debt to Atlantic Southern under Note 2 Loan Documents. Bank Aff. at ¶ 46; Complaint, Ex. P.

Response: Not correct. Defendants admit the guaranty was executed. The legal effect of the document is a legal issue to be decided by the Court and not a "fact." Defendants also contend that the debt was rendered unenforceable by the Superior Court of Bibb County denying confirmation of Plaintiff's application for a judicial confirmation of a foreclosure. [Plaintiff's brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 42

CertusBank is the current holder of Note 2, the Note 2 Loan Agreement, the Note 2 Guaranties, and the related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern. Bank Aff. at ¶ 47.

Response: Correct.

Statement No. 43

Note 2 matured on April 28, 2012 (the "Note 2 Maturity Date"). Bank Aff. at ¶ 48; Complaint, Ex. J.

Response: Correct.

Statement No. 44

Dunwody Jr., Dunwody Sr., Jenkins, and Long each defaulted under the terms of their respective Note 2 Guaranties. Defendants' Admissions, No. 27.

Response: Not correct. Defendants contend that the guarantees were discharged by failure of Plaintiff to confirm its foreclosure sale in accordance with Georgia law. [Defendants' brief at 7-12; Declaration of Wesley J. Boyer, Exhibit 2]

Statement No. 45

On or about August 7, 2012, CertusBank, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to the Defendants via Certified Mail Return Receipt Requested and First Class Mail (the "Note 2 Demand Letter"). Bank Aff. at ¶ 49; Complaint, Ex. R.

Response: Correct.

Statement No. 46

A true and correct copy of the Note 2 Demand Letter is attached to the Complaint as **Exhibit R** and is incorporated herein by this reference. Bank Aff. at ¶ 50; Defendants' Admissions, No. 1.

Response: Correct.

Statement No. 47

In the Note 2 Demand Letter, CertusBank provided notice pursuant to O.C.G.A. § 13-1-11 that the provisions for payment of attorneys' fees in the Note 2 Loan Documents would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof. Bank Aff. at ¶ 51; Complaint, Ex. R.

Response: Not correct. Defendants contend the notice was incorrect and legally ineffective. [Defendants' brief at 6-7, 12-14; Complaint, Exhibit I; Complaint, Exhibit R]

Statement No. 48

As of December 19, 2014, principal, accrued but unpaid interest, and accrued fees and charges outstanding under Note 2 are as follows:

| | |
|---|---:|
| Principal | $866,701.22 |
| Interest to 12/4/2012 | 82,707.37 |
| Late charges | 800.00 |
| Bid amount 12/4/2012 | (1,102,500.00) |
| Interest 12/5/2012 to 12/19/2014 (744 days @ 30.72) | 22,855.68 |
| Appraisal expenses as of 12/4/2012 | 11,700.00 |
| Property taxes as of 12/4/2012 | 61,779.12 |
| Legal expenses as of 12/4/2012 | 142,411.28 |
| Net amount due | $86,454.67 |

Bank Aff. at ¶¶ 52, 58-60, and at Appx. 1 and Appx. 2.

Response: Not correct. Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6, 12-14]

Statement No. 49

As of December 19, 2014, interest continues to accrue on Note 2 at the *per diem* rate of $30.72. Additional interest, fees, costs and charges continue to accrue under Note 2 from December 19, 2014 going forward. Bank Aff. at ¶ 53, 58-60, and at Appx. 1 and Appx. 2; Complaint, Ex. J.

Response: Not correct. Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6]

Statement No. 50

The aforementioned outstanding principal, accrued but unpaid interest, and accrued fees outstanding under Note 2 as of December 19, 2014 are exclusive of costs of collection and

Page 15

attorneys' fees available under Note 1 and applicable law from December 4, 2012. Bank Aff. at ¶ 54, 58-60, and at Appx. 1 and Appx. 2.

Response: Not correct. Defendants contend that Plaintiff has not proved the debt with reasonable certainty. [Defendants' brief at 3-6]

### Statement No. 51

Atlantic Southern was closed by the Georgia Department of Banking and Finance on May 20, 2011. The FDIC was thereafter appointed as receiver of the assets and liabilities of Atlantic Southern, and the FDIC as Receiver became the successor-in-interest to the right, title and interest of Atlantic Southern with respect to, inter alia, the Loan Documents. Bank Aff. at ¶ 55.

Response: Correct.

### Statement No. 52

CertusBank is the current holder of the Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern. Bank Aff. at ¶ 56.

Response: Correct.

KATZ, FLATAU & BOYER, L.L.P.
By:

_____
WESLEY J. BOYER
State Bar No. 073126
Attorney for Defendants
355 Cotton Avenue
Macon, Georgia 31201
(478) 742-6481
wjboyer_2000@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED

upon the following:

>Sean A. Gordon, Esq.
>Greenberg Traurig, LLP
>The Forum, Suite 400
>3290 Northside Parkway
>Atlanta, GA 30327

by depositing a copy of the same in the United States mail, first class, in a properly addressed envelope with sufficient postage affixed thereto this 21 day of January, 2015.

_____
WESLEY J. BOYER