IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | | |
|---|---|---|
| CERTUS BANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>Plaintiff,<br><br>vs.<br><br>GENE DUNWODY, JR., GENE DUNWODY, SR., JACK W. JENKINS, W. TONY LONG, and L. ROBERT LOVETT,<br><br>Defendants. | ) | CIVIL ACTION FILE<br><br>NO. 5:14-cv-00069-CAR |

DEPOSITION OF WILLIAM T. LONG, SR.
OCTOBER 30, 2014
1:50 P.M.

Premier Reporting

CERTIFIED COURT REPORTERS
The Pinnacle, Suite 500 • 3455 Peachtree Road, N.E. • Atlanta, GA 30326 • www.premierreporting.com
404.237.1990
800.317.5773

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

CERTUS BANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK, )

Plaintiff, )

vs. )

GENE DUNWODY, JR., GENE DUNWODY, SR., JACK W. JENKINS, W. TONY LONG, and L. ROBERT LOVETT, )

Defendants. )

CIVIL ACTION FILE

NO. 5:14-cv-00069-CAR

---

DEPOSITION OF WILLIAM T. LONG, SR.
OCTOBER 30, 2014
1:50 P.M.

---

APPEARANCES OF COUNSEL

On behalf of the Plaintiff:

Sean Gordon, Esq.
Greenberg Traurig
Terminus 400
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
gordonsa@gtlaw.com
678-553-2100

On behalf of the Defendants:

Wesley J. Boyer, Esq.
Katz, Flatau & Boyer
355 Cotton Avenue
Macon, Georgia 31201
wjboyer_2000@yahoo.com
478-742-6481

* * *

MR. SMITH: We are on the record in the case of CertusBank NA, a successor by assignment to Atlantic Southern Bank, versus Gene Dunwody, Jr., Gene Dunwody, Sr., Jack W. Jenkins, W. Tony Long and L. Robert Lovett. It's Case No. 5:14-cv-00069-CAR pending in the Middle District of Georgia.

This is the deposition of W. Tony Long. The deposition is being taken by notice and agreement of counsel and the parties for purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

Present in the room is Mr. Long and his counsel, Mr. Wes Boyer.

If you could please swear the witness in at this time.

EUGENE C. DUNWODY, JR.,

having been first duly sworn, was deposed and testified as follows:

EXAMINATION

BY MR. SMITH:

**Q Mr. Long, can you just state your full name for the record, please.**

A William T. Long.

**Q And the T is for Tony?**

A No, but that's what they call me.

**Q Okay. Have you been deposed before?**

A A few times, yes.

**Q Okay. So I'll try to be brief with these instructions.**

**You are under oath, so you have to answer the questions as if you were in court. If you don't understand any of the questions I ask, just let me know. I'm happy to rephrase them and the court reporter can also read the question back to you from the record, if necessary.**

**If you do answer the question, I'm going**

to assume you've heard it and that you've understood the question and you've given me the best recollection of what you know.

Because the court reporter is taking all this down, if you could avoid responses with a nod of the head or an uh-huh or some kind of response that would be difficult to read in a transcript, that would be appreciated.

If you need a break, just let me know. The only thing I would ask is, if there is a question pending, that you finish the question before you take the break -- finish answering the question before you take the break.

Do you have any questions before we start?

A No.

**Q Were you a member of Capricorn Center LLC?**

A Yes.

**Q What did that entity go into business for? What was its purpose?**

A To make money.

**Q Okay. Was it --**

A Hopefully.

**Q Was it developing real estate? What was it engaged in?**

A It would be developing a piece of

property, yes.

Q **And what piece of property was it formed to develop?**

A All the pieces that were bought by Capricorn, Inc.

Q **You mean -- you mean Capricorn Center, LLC?**

A Yes, Capricorn Center.

Q **I didn't know if you were referring to another company.**

A No, no, just the one.

Q **Okay. And where was that property located?**

A Is that the 600 block of MLK?

Q **I can't answer the questions, but if that's your recollection.**

A Yeah, I think that's what it is.

Q **Okay. And did Capricorn Center, LLC, to your knowledge, borrow money from Atlantic Southern Bank?**

A We did.

Q **And do you know, as you sit here today, if all of the money that was borrowed was paid back in full?**

A I don't know for sure, but I doubt it or I

wouldn't be sitting here.

**Q Fair enough. Did you guarantee the loans that were made by Atlantic Southern to Capricorn Center, LLC?**

A I would have signed the paperwork with everybody. I don't know exactly -- I don't remember exactly what the details were.

I'm assuming that we did, but I'm not really sure that that's how -- I've had loans that weren't guaranteed, so.

**Q I didn't get your current home address.**

**What is that?**

A 642 Orange Street, Macon 31201.

**Q And are you currently employed?**

A Yes.

**Q What is your occupation?**

A I'm a painting contractor and --

**Q Are you --**

A -- whatever else.

**Q Are you self-employed in that business?**

A Yes.

**Q You don't have an entity that you work through or anything like that?**

**In other words, do you have a company that you run to do painting contracting or are you just**

**self-employed as Tony long?**

A It's A.T. Long & Son, but it's only me.

**Q And what is your work address?**

A 642 Orange Street.

**Q So it's the same as your residence?**

A Same.

**Q Okay.**

A It's actually that Ford truck outside. All the paperwork is in the front seat.

**Q I understand. Do you have any other lawsuits pending against you right now, other than this one?**

A I don't think so. Nobody is harassing me.

(Whereupon, previously marked Exhibit 4 entered.)

BY MR. SMITH:

**Q Okay. If you could please turn to Exhibit 4 in the binder that's in front of you.**

**This is a Guaranty dated April 16th, 2010 that you signed in favor of Atlantic Southern Bank; is that correct?**

A That's what I'm looking at, yes.

**Q Okay. If you could turn to Page 3.**

**Is that your signature on the bottom of the page?**

A It appears to be, yes.

**Q And are those your initials at the bottom of each page?**

A They do look like my initials.

**Q As far as you know, is this a true and correct copy of the document that you signed?**

A As far as I know, yes.

**Q This Guaranty -- if you look at Section 2 on the first page, it references a Promissory Note No. ████████4500 dated April 16, 2010 from Capricorn Center in the amount of $176,452.13.**

**Do you see that?**

A Uh-huh, yes, I do.

**Q And then it goes on, towards the bottom of that section, it has a cap amount of $33,045 of the principal amount plus accrued interest, attorney's fees and collection costs, et cetera.**

**Is it your understanding, when you signed this, that you were guaranteeing that $176,000 note to the limit of that cap that's referenced in here?**

A Yes. I would have, yes.

**Q Okay. Can you turn to --**

A We're not necessarily saying that that's the amount that we owe right now, either, or are we?

**Q I'm not supposed to be answering the**

**questions during this deposition.**

A Well, I didn't know that. I thought you were clarifying stuff. I need a clarification on that.

**Q I'm sorry. You want me to clarify the question I asked you?**

A Well --

**Q What's your question? Go ahead.**

A Well, I was just wondering if, at this point, with all of the interest and all the extra payments we made toward the end to keep this thing from going under, if we actually would owe that amount plus, you know, we made payments all along.

I was just wondering what the amount of liability actually would be if we were in default.

**Q Well, that's what this lawsuit is about. I mean, we're -- the bank is suing for what it contends is left owing?**

MR. BOYER: I think what he's saying is he's not sure what the debt is.

MR. SMITH: Okay.

BY MR. SMITH:

**Q Is that what you're saying?**

A Uh-huh, yes.

Is the lawsuit for $33,000, I guess is

what I'm saying, or is it $10,316?

**Q Well --**

A Or zero.

**Q Well, what I asked you before was -- we talked about the note that's referenced in this Guaranty.**

A Uh-huh, yes.

**Q And there is a $176,000 note and change. And the language says that your liability will not exceed $33,045 of the principal amount. It does not say everybody's liability.**

**So my question to you was: Was it your understanding, that when you signed this, that you were responsible for guaranteeing that debt up to the amount that is referenced here?**

A And I understand that question and I answered yes. And just being inquisitive, I just -- you know, I haven't heard what we're being sued for, what amount or anything, and I just was wondering if you had that knowledge.

**Q Yes, I -- I do know what -- what the bank is suing for and it is referenced in the Complaint that was filed in this case.**

**And I will be asking you some questions about that Complaint a little bit later on in the**

deposition.

A Okay.

(Whereupon, previously marked Exhibit 13 entered.)

BY MR. SMITH:

Q Okay. If you could turn to Exhibit 13, please.

This is another Guaranty that's dated April 16th, 2008 and it is signed by you in favor of Atlantic Southern Bank; is that correct?

A Yes.

Q If you could turn to Page 3 of that document, please.

Is that your signature at the bottom of the page?

A I would say yes.

Q And are those your initials on the bottom of each page of this document?

A Yes, it looks like it.

Q Is this a true and correct copy of the document that you signed?

A I would assume so, yes.

Q Okay. This Guaranty, in Section 2 on the first page, it references a different note, No. 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, dated April 16th, 2008 from Capricorn

Center, LLC in the amount of $1,286,835.

Do you see that?

A I see that.

Q And this Guaranty states that your liability will not exceed $241,280 of the principal amount that's outstanding at default, et cetera.

Is it your understanding, that when you signed this, that you would be liable for the borrower's debt under that note up to that cap amount, the $241,280?

A Yes, knowing that once -- if the property was ever sold by anybody, it wouldn't be that full amount. But I knew all that when I signed it, yes.

(Whereupon, previously marked Exhibit 19 entered.)

BY MR. SMITH:

Q Okay. If you could turn to Exhibit 19, please. And just one -- one more over. I think you're in 18.

And I'm going to represent to you that this is the Complaint that has been filed in this case.

If you could turn to Page 10 of the Complaint, I'd like you to look at Paragraph 73. This paragraph says: "As of February 18th, 2014,

principal accrued but unpaid interest and accrued fees and charges outstanding under Note 2 are as follows."

Now I'm going to represent to you that Note 2 is referring to the roughly $1.2 million note that we talked about earlier.

Do you have any reason to believe that, as of February 18th, 2014, the amounts that are asserted here as still owing under that note are incorrect?

A I wouldn't have any way at all of knowing whether they're correct or incorrect.

Q Okay. If you could turn back to Page 6, please. Take a look at Paragraph 43. And this paragraph similarly says: "As of February 18th, 2014, principal accrued but unpaid interest and accrued fees and charges outstanding under Note 1 are as follows."

I'm going to represent to you that note one, as referred to in this document, is the $176,000 note that was referenced earlier in the deposition.

Do you have any reason to believe that the amounts asserted as outstanding in Paragraph 43 are incorrect?

A Again, I just -- they're figures and they add up to what it says, but I'm not sure what -- you know.

Q Okay. So you don't know, one way or the other?

A No.

(Whereupon, previously marked Exhibit 21 entered.)

BY MR. SMITH:

Q Okay. If you could turn to Exhibit 21, please. This is a letter dated August 7th, 2012 and it is addressed to you at 140 Hines Terrace, Macon, Georgia 31204.

Do you recognize this letter? Have you ever seen it before?

A I don't recognize it. I can't say that I sent it. I wasn't living there at that point.

Q Was the 140 Hines Terrace address a former address of yours?

A It was.

Q How much communication did you have with Atlantic Southern or CertusBank during the course of this loan?

A With Atlantic Southern, a fair amount. With Certus, it's very little.

Q Do you recall ever telling Certus that you no longer lived at 140 Hines Terrace?

A I don't know whether I did or not, but they knew that because I get other stuff that -- from them.

I didn't get anything from -- that was mailed. I don't know why it would have been mailed there. They have my correct address.

(Whereupon, previously marked Exhibit 22 entered.)

BY MR. SMITH:

Q Okay. If you could turn to Exhibit 22.

This is another letter dated August 17, 2012. Again, this appears to be sent to what you have said is an address that was an older address; is that right?

A Yes.

Q Do you ever remember receiving a copy of this letter?

A I do not, just like the other one.

Q You did receive a copy of the Complaint that was filed in this case, though, correct?

A I had seen that at Gene's office. I don't remember getting a copy. And I may have, but I don't remember it.

And I really thought it had all been cleared up when it went to court last time and we won.

Q Are you talking about the foreclosure confirmation case?

A Whatever it was.

MR. SMITH: I don't have any other questions.

MR. BOYER: Okay. I don't have any questions.

MR. SMITH: Thank you.

(Deposition Concluded)

C E R T I F I C A T E

\- - - - - - - - - - - -

STATE OF GEORGIA:

FULTON COUNTY:

I hereby certify that the foregoing transcript was taken down as stated in the caption, and the questions and answers thereto were reduced to typewriting under my direction; that the foregoing pages 1 through 16 represent a true and correct transcript of the evidence given upon said hearing, and I further certify that I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in the action.

This the 1st day of December, 2014.

____________________________
KELLY A. EMERY, CCR-B-941

**$**

**$10,316** 10:1
**$176,000** 8:19 10:8
**$176,452.13** 8:11
**$33,000** 9:25
**$33,045** 8:15 10:10

**1**

**16** 8:10
**16th** 7:19

**2**

**2** 8:8
**2010** 7:20 8:10
**2500** 2:5

**3**

**3** 7:23
**30305** 2:5
**31201** 2:10 6:13

**4**

**4** 7:14,18
**400** 2:4
**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** 8:10
**478-742-6481** 2:11

**5**

**5:14-cv-00069-car** 2:18

**6**

**600** 5:14
**642** 6:13 7:4

**A**

**A.T.** 7:2
**accrued** 8:16
**address** 6:11 7:3
**agreement** 2:22
**ahead** 9:8
**amount** 8:11,15,16, 24 9:13,14 10:10,15, 19
**answering** 4:12 8:25
**APPEARANCES** 2:1
**appears** 8:1
**appreciated** 4:8
**April** 7:19 8:10
**assignment** 2:15
**assume** 4:1
**assuming** 6:8
**Atlanta** 2:5
**Atlantic** 2:15 5:19 6:3 7:20
**attorney's** 8:16
**Avenue** 2:9
**avoid** 4:5

**B**

**back** 5:23
**bank** 2:15 5:20 7:21 9:17 10:21
**behalf** 2:2,7
**binder** 7:18
**bit** 10:25
**block** 5:14
**borrow** 5:19
**borrowed** 5:23
**bottom** 7:24 8:2,14
**bought** 5:4
**Boyer** 2:8,9 3:2 9:19
**break** 4:9,12,13
**business** 4:18 6:20

**C**

**call** 3:14
**cap** 8:15,20
**Capricorn** 4:16 5:5, 6,8,18 6:3 8:10
**case** 2:14,18 10:23
**Center** 4:16 5:6,8,18 6:4 8:11
**Certusbank** 2:14
**cetera** 8:17
**change** 10:8
**Civil** 2:24
**clarification** 9:3
**clarify** 9:5
**clarifying** 9:3
**collection** 8:17
**company** 5:10 6:24
**Complaint** 10:22,25
**contends** 9:18
**contracting** 6:25
**contractor** 6:17
**copy** 8:6
**correct** 7:21 8:6
**costs** 8:17
**Cotton** 2:9
**counsel** 2:1,22 3:2
**court** 3:20,22 4:4
**current** 6:11

**D**

**dated** 7:19 8:10
**debt** 9:20 10:14
**default** 9:15
**Defendants** 2:7
**deposed** 3:6,15
**deposition** 2:20,21 9:1
**details** 6:7
**develop** 5:3
**developing** 4:23,25
**difficult** 4:7
**discovery** 2:23
**District** 2:19
**document** 8:6
**doubt** 5:25
**duly** 3:6
**Dunwody** 2:16 3:5

**E**

**employed** 6:14
**end** 9:11
**engaged** 4:24
**entered** 7:15
**entity** 4:18 6:22
**Esq** 2:3,8
**estate** 4:23
**EUGENE** 3:5
**everybody's** 10:11
**EXAMINATION** 3:8
**exceed** 10:10
**Exhibit** 7:14,17
**extra** 9:10

**F**

**Fair** 6:2
**favor** 7:20
**Federal** 2:24
**fees** 8:17
**filed** 10:23
**finish** 4:11,12
**Flatau** 2:9
**Ford** 7:8
**formed** 5:2
**front** 7:9,18
**full** 3:10 5:24

**G**

**Gene** 2:16
**Georgia** 2:5,10,19
**Gordon** 2:3
**gordonsa@gtlaw.com** 2:6
**Greenberg** 2:3
**guarantee** 6:2
**guaranteed** 6:10
**guaranteeing** 8:19 10:14
**Guaranty** 7:19 8:8 10:6
**guess** 9:25

**H**

**happy** 3:22
**harassing** 7:13
**head** 4:6
**heard** 4:1 10:18
**home** 6:11

**I**

**initials** 8:2,4
**inquisitive** 10:17
**instructions** 3:18
**interest** 8:16 9:10

**J**

**Jack** 2:16
**Jenkins** 2:17
**Jr** 2:16 3:5

**K**

**Katz** 2:9
**kind** 4:6
**knowledge** 5:19 10:20

**L**

**language** 10:9
**lawsuit** 9:16,25
**lawsuits** 7:11
**left** 9:18
**liability** 9:15 10:9,11
**limit** 8:20
**LLC** 4:16 5:7,18 6:4
**loans** 6:2,9
**located** 5:13
**long** 2:17,20 3:1,10, 12 7:1,2
**Lovett** 2:17

**M**

**Macon** 2:10 6:13
**made** 6:3 9:11,13
**make** 4:20
**marked** 7:14
**member** 4:16
**Middle** 2:19
**MLK** 5:14
**money** 4:20 5:19,23

**N**

**NA** 2:14
**NE** 2:4
**necessarily** 8:23
**nod** 4:5
**note** 8:9,19 10:5,8
**notice** 2:21

**O**

**oath** 3:19
**occupation** 6:16
**Orange** 6:13 7:4
**owe** 8:24 9:12
**owing** 9:18

**P**

**paid** 5:23
**painting** 6:17,25
**paperwork** 6:5 7:9
**parties** 2:22
**payments** 9:11,13
**pending** 2:18 7:11
**permitted** 2:24
**piece** 4:25 5:2
**pieces** 5:4
**Piedmont** 2:4
**Plaintiff** 2:2
**point** 9:10
**Present** 3:1
**previously** 7:14
**principal** 8:16 10:10
**Procedure** 2:25
**Promissory** 8:9
**property** 5:1,2,12
**purpose** 4:19
**purposes** 2:23

**Q**

**question** 3:23,25 4:2,11,13 9:6,8 10:12,16
**questions** 3:20,21 4:14 5:15 9:1 10:24

**R**

**read** 3:23 4:7
**real** 4:23
**recollection** 4:3 5:16
**record** 2:13 3:11,24
**referenced** 8:20 10:5,15,22
**references** 8:9
**referring** 5:9
**remember** 6:6
**rephrase** 3:22
**reporter** 3:23 4:4
**residence** 7:5
**response** 4:6
**responses** 4:5
**responsible** 10:14
**Road** 2:4
**Robert** 2:17
**room** 3:1
**Rules** 2:24
**run** 6:25

**S**

**Sean** 2:3
**seat** 7:9
**section** 8:8,15
**self-employed** 6:20 7:1
**signature** 7:24
**signed** 6:5 7:20 8:6, 18 10:13
**sit** 5:22
**sitting** 6:1
**SMITH** 2:13 3:9 7:16 9:21,22
**Son** 7:2
**Southern** 2:15 5:19 6:3 7:20
**Sr** 2:16
**start** 4:14
**state** 3:10
**Street** 6:13 7:4
**stuff** 9:3
**successor** 2:14
**sued** 10:18
**suing** 9:17 10:22
**Suite** 2:5
**supposed** 8:25
**swear** 3:3
**sworn** 3:6

**T**

**taking** 4:4
**talked** 10:5
**Terminus** 2:4
**testified** 3:6
**thing** 4:10 9:11
**thought** 9:2
**time** 3:4
**times** 3:16
**today** 5:22
**Tony** 2:17,20 3:13 7:1
**transcript** 4:7
**Traurig** 2:3
**truck** 7:8
**true** 8:5
**turn** 7:17,23 8:22

**U**

**uh-huh** 4:6 8:13 9:24 10:7
**understand** 3:21 7:10 10:16
**understanding** 8:18 10:13
**understood** 4:1

**V**

**versus** 2:15

**W**

**Wes** 3:2
**Wesley** 2:8
**William** 3:12
**wjboyer_2000@ yahoo.com** 2:10
**wondering** 9:9,14 10:19
**words** 6:24
**work** 6:22 7:3