**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**(MACON DIVISION)**

| | | |
|---|---|---|
| CERTUSBANK, N.A., as successor by assignment | : | |
| to ATLANTIC SOUTHERN BANK, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 5:14-CV-00069-LJA |
| | : | |
| v. | : | |
| | : | |
| GENE DUNWODY, JR.; GENE DUNWODY, | : | |
| SR.; JACK W. JENKINS; W. TONY LONG; | : | |
| and L. ROBERT LOVETT, | : | |
| | : | |
| Defendants | : | |

---

**DEFENDANTS' SUPPLEMENTAL BRIEF**

---

A.     STATUS OF THE LOVETT BANKRUPTCY CASE.

The chapter 11 plan for Mr. Lovett was confirmed by the Bankruptcy Court on May 9, 2016.  The effective date of the plan is May 23, 2016.  CertusBank, N.A.'s claim in this case was scheduled as a general unsecured creditor.  The plan provides for a single pro-rata payment to all allowed unsecured claimants due on June 1, 2061.  The confirmed chapter 11 plan is binding on all creditors, including CertusBank, N.A.  See 11 U.S.C. § 1141(a) ("the provisions of a confirmed plan bind the debtor . . . any creditor . . . ).  Thus, no judgment should be entered against Mr. Lovett.

B.     EFFECT OF RECENT GEORGIA SUPREME COURT CASE.

In PNC Bank, Nat. Ass'n v. Smith, _____ S.E.2d _____, 2016 WL 1276376 (April 4, 2016), cited in this Court's order, the Georgia Supreme Court recognized only that a contractual provision in a guaranty agreement to waive compliance with the Georgia judicial confirmation statute, O.C.G.A. § 44-14-161, may be enforced.  The guarantees in this case contain such

waivers.  In that case, however, the lender chose not to seek judicial confirmation and it relied on the waivers contained in the guarantees.   Here, however, CertusBank, N.A. chose to seek confirmation after foreclosure, name the guarantors as parties, tried the case, and lost.   It undertook a course of action, involved the resources of the parties and the Superior Court, and then thumbed its nose at the Bibb Superior Court and sued the guarantors anyway.

The doctrine of waiver cuts both ways.  CertusBank, N.A. could have relied upon the waivers in the guaranties and not sought judicial confirmation, just as the lender did in the Smith case.  Instead, it chose not to enforce the waivers contained in its guarantees and proceeded to seek a judicial confirmation.

This case is analogous to a contractual arbitration provision, which is often waived by the conduct of suing.  A lender could hardly sue on a claim, loose, and then contend the case should have been arbitrated pursuant to the contractual arbitration provision.   The Eleventh Circuit addressed the waiver of an arbitration agreement:

> Furthermore, an agreement to **arbitrate**, "just like any other contract . . ., may be waived."  See e.g., Burton-Dixie Corp. v. Timothy McCarthy Const. Co., 436 F.2d 405, 407 (5th Cir. 1971).  In determining whether a party has waived its right to **arbitrate**, we have established a two-part test.  First, we decide if, "under the totality of the circumstances," the party "has acted inconsistently with the **arbitration** right," and, second, we look to see whether, by doing so, that party "has in some way prejudiced the other party."  S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted).

> The district court denied Braun's petition to compel **arbitration** on the ground that Braun had waived its right to **arbitrate**.  We review this legal conclusion de novo.  See Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999) ("We review the issue of whether a party's conduct amounts to a **waiver** of **arbitration** de novo."); Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995) ("The question of whether a party's pretrial conduct amounts to **waiver** of **arbitration** is purely a legal one, and our review of this issue is de novo.").

<u>Ivax Corp. v. B. Braun of Am.</u>, 286 F.3d 1309, 2002 U.S. App. LEXIS 6019, 15 Fla. L. Weekly Fed. C 411 (11th Cir. Fla. 2002).

Here, the two-part test in <u>Burton</u> is met.  CertusBank, N.A. certainly acted inconsistently with the waivers contained in the guarantees.  Despite waivers of "anti-deficiency statutes", the first thing it did after foreclosure was to involve the legal process under an anti-deficiency statute by seeking judicial confirmation of the foreclosure sale.  It pursued that case to conclusion. Secondly, Defendants were prejudiced because they participated in the judicial confirmation case to conclusion by expending attorneys' fees for trial, briefing, transcripts, etc.  Thus, there is both a clear manifestation of intent by Certus Bank to waive the contractual waivers in the guarantees and there is prejudice to Defendants.

Moreover, CertusBank, N.A. is bound by the State Court ruling, which it commenced. O.C.G.A. § 44-14-161 provides that "no action may be taken to obtain a deficiency judgment unless . . . [it obtains judicial confirmation].  Because, after CertusBank N.A. presented its evidence and Defendants presented their evidence, the Superior Court declined to enforce the sale, CertusBank, N.A. was precluded from seeking a deficiency judgment.

KATZ, FLATAU & BOYER, L.L.P.
By:


/s/Wesley J. Boyer_____
WESLEY J. BOYER
Attorney for Defendants
State Bar No. 073126
355 Cotton Avenue
Macon, Georgia 31201
(478) 742-6481
Wes@WesleyJBoyer.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the

DEFENDANTS' SUPPLEMENTAL BRIEF

upon the following:

Sean A. Gordon, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

Elizabeth Hardy, Esq.
United States Trustee
440 MLK, Jr. Blvd., Suite 302
Macon, GA 31201

by depositing a copy of the same in the United States mail, first class, in a properly addressed envelope with sufficient postage affixed thereto this 18th day of May, 2016.

/s/Wesley J. Boyer_____
WESLEY J. BOYER