IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>GENE DUNWODY, JR., et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>5:14-cv-00069-CAR |

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff CertusBank, N.A. ("Plaintiff" or "CertusBank"), as successor in interest to Atlantic Southern Bank ("Atlantic Southern") pursuant to Fed. R. Civ. P. 56 and Local Rule 56, MDGa, hereby submits this Supplemental Brief in Support of its Motion for Summary Judgment (the "Motion") so as to address applicability of the case of *PNC Bank, Nat. Ass'n v. Smith*, No. S15Q1445, 2016 WL 1276376 (Ga. Apr. 4, 2016)(hereinafter "*PNC*"), as directed by the Court in the Court's Order entered on 5/11/16 (Dkt. 45).

As set forth in Plaintiff's Memorandum in Support of its Motion, Defendant's fourth and fifth defenses based upon on Georgia's anti-deficiency confirmation statute (O.C.G.A. § 44-14-161) fail because in each of the Guaranties, Defendants expressly waived, among other things, "reliance on any anti-deficiency statutes, through subrogation or otherwise…" and agreed that "such statutes in no way affect or impair my liability." *See* Guaranties at § 9(A)(9), Complaint, D, E, F, G, M, N, O, and P.  This waiver is enforceable under Georgia law. *See Cmty. & S. Bank v. DCB Investments, LLC,* 760 S.E.2d 210, 216 (Ga. Ct. App. 2014), *reconsideration denied*

(July 29, 2014)(where guarantors waived defense based on failure to obtain a valid confirmation of the foreclosure sale, lender was entitled to collect difference between amount due on note and the foreclosure sale proceeds from guarantors). Since Defendants expressly waived, among other things, all defenses arising under any anti-deficiency statutes such as O.C.G.A. § 44-14-161 in their Guaranties, Certus is entitled to recover the remaining outstanding debt under the Notes. *See Cmty. & S. Bank,* 760 S.E.2d at 216.

The *PWC* case referenced by the Court in its May 11, 2016 Order confirms this analysis, as it is just one more controlling case in a growing line of applicable case law that clearly holds waivers of Georgia's confirmation statute in a loan document or guaranty are enforceable. *See PNC*, 2016 WL 1276376, at *2 ("The second question we have been asked to answer is whether a guarantor can waive the condition precedent requirement of the confirmation statute by virtue of waiver clauses in the loan documents. Guarantors may waive the condition precedent.")

Furthermore, Defendants' argument that Plaintiff, in seeking but failing to obtain confirmation of its foreclosure somehow waived its ability to rely on the guarantors' waivers lacks merit.  In ruling that the confirmation statute can be waived as a matter of Georgia law in a guaranty, the Court in *PWC* relied on and cited with approval *HWA Properties, Inc. v. Cmty. & S. Bank*, 322 Ga. App. 877, 877, 746 S.E.2d 609, 611 (2013), in which the bank lost confirmation of its foreclosure sale on reversal from the Court of Appeals.  The guarantor in *HWA* was nevertheless found to have waived the protection of the confirmation statute. *See HWA,* 322 Ga. App. at 887-88 ("CSB's failure to obtain a valid confirmation of the foreclosure sale, pursuant   to OCGA § 44–14–161, does not impair its authority to collect the difference between the amount due on the note and the foreclosure sale proceeds from Albright based upon his personal guaranty.")

By pursuing but not obtaining confirmation in this case, Plaintiff did not waive its ability to rely upon the guarantors' waivers contained in the applicable guaranties as Defendants contend.

**WHEREFORE,** for all of the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion.

Dated:  May 18, 2016.

Respectfully submitted,

<u>/s/ Sean A. Gordon</u>
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email:  gordonsa@gtlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that that on May 18, 2016 I electronically filed the foregoing *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney(s) of record.

Wesley J. Boyer
Katz, Flatau & Boyer LLP
355 Cotton Avenue
Macon Ga. 31201
wjboyer_2000@yahoo.com

/s/ Sean A. Gordon
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email:  gordonsa@gtlaw.com

*Attorneys for Plaintiff*